JOHN MURPHY AND WILLIAM C. ALLISON, Appellants, v. NEWTON S. GAY, Respondent.

*Note—Consideration—Contract.*—In a suit by payee upon a note given for goods sold, the maker may show in a defence of failure of consideration, that the goods were not as described and warranted at the sale, or that they were worthless for the purposes for which they were sold.

*Appeal from St. Louis Court of Common Pleas.*

*Knox & Smith*, for appellants.

*G. S. & J. Van Wagoner*, for respondent.

I. The want or failure of consideration of a promissory note (as between the original parties thereto) can be pleaded either in whole or in part, and evidence thereof be given, in an action brought to recover the amount of said note—R. C. 1855, p. 1290, § 24.

II. Where a suit is brought on a promissory note, given for a part of the consideration money on the purchase of goods, represented at the time of sale to be good and merchantable, by the payee (the seller) against the maker, (the purchaser,) the latter will not be precluded from having and making his defence of a failure of the consideration of the note, from the fact, that he had not previous to the commencement of the suit given notice to the payee of the defective or worthless character of said goods, or that he had not offered to surrender or return them—R. C. 1855, p. 1290, § 24; Sto. on Cont. (1851) p. 930, § 844; Waring v. Mason, 18 Wend. 436; Batteman v. Pierce, 3 Hill, 174; Boorman v. Jenkins, 12 Wend. 576; Ives v. Van Epps, 22 Wend. 156–7; Cook v. Mosely, 13 Wend. 278; Reab v.

McAlister, 8 Wend. 115–17 ; McAlister v. Reab, 4 Wend. 490–4 ; Duffee v. Mason, 8 Cow. 26 ; Renard v. Peck, 2 Hilt. C. P. Rep. 137 ; Warren v. Van Pelt, 4 E. D. Smith, 202, &c. ; Wade v. Scott, 7 Mo. 510 ; Barr (assignee) v. Baker, 9 Mo. 840 ; Smith v. Busby, 15 Mo. 391 ; Morrison v. Edgar, 16 Mo. 415 ; Klein v. Keyes, &c., 17 Mo. 328.

III. In such suit the payee of said note can only recover of the maker the amount of the actual value of said goods, at the time they were received by said maker.

HOLMES, Judge, delivered the opinion of the court.

At the time when the plaintiffs' agent received the order from the defendant for the pipe, which was the consideration of the note sued on, he represented that it was " good pipe" and " better than that they were getting" from another manufacturer, and that it was a " merchantable" article. When received, the pipe was placed in store until it should be sold in the regular course of business, without any close examination of its quality. To all appearances it was good pipe. Several months afterwards and after the note given for the price had been renewed with a part payment, and when the pipe came to be sold and used in building, it was discovered to be full of small holes, fatally defective and utterly useless for the purpose for which it was intended. The portions sold were returned to the defendant, and the whole remained in his hands. When the defect was discovered the defendant wrote the plaintiffs informing them of the fact, and stating that he would not pay the note, and that the pipe was subject to their order. Such was the substance of what the evidence tended to prove.

The instructions which were given for the defendant declared in effect, that these representations amounted to a warranty that the article should be a good merchantable pipe, and that the defendant was not precluded from making this defence by reason of his having received the pipe, nor by reason of his not making any offer, or his failure, to return it ; and the plaintiffs' instructions, embodying nearly

the converse of these propositions, were refused. These statements amounted to a warranty that the thing should be what it was sold for. The authority of the agent to make these representations is not denied. They were made at the time when the order was given, and evidently operated as an inducement, if not the only inducement, to the purchase—Sto. Sales, §§ 351, 357; Duffee v. Mason, 8 Cow. 26.

The evidence tended to show the pipe was defectively made, unfit for the uses for which it was ordered, and worthless for any purpose but old iron. The delay in making the discovery of its bad quality was satisfactorily explained. The plaintiffs appear to have been notified as soon as the discovery was made. That the defendant had previously renewed the note given for the price, expressed himself satisfied with the pipe, and actually paid for it in part, cannot be considered as a waiver of his legal rights in the matter. The statute provides, that the proper party may prove the want or failure of the consideration, in whole or in part, in such case—R. C. 1855, p. 1290, § 24. Nor in order to enable the defendant to make this defence was he bound to return, or offer to return, the goods at all—Barr v. Baker, 9 Mo. 840; Muller v. Eno, 14 N. Y. 597; Renard v. Peck, 2 Hilt. 137; Warren v. Van Pelt, 4 E. D. Smith, 202; Wade v. Scott, 7 Mo. 509; Napton, J., in Ferguson v. Huston, 6 Mo. 425.

We think the motion for a new trial was properly overruled.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.