HENRY WEISE, Appellant, v. THE BIRDSALL COMPANY, Respondent.

St. Louis Court of Appeals, April 2, 1889.

Warranty: WARRANTEE'S FAILURE OF CONDITION. The warranty of a threshing machine sold by the defendant to the plaintiff stipulated that, if the machine did not work well, the purchaser should give written notice to the selling agent, and also to the defendant at Auburn, New York. The plaintiff's own testimony showed that he notified the agent of the machine's failure to perform, but gave no notice to the defendant at Auburn. *Held*—in a suit on the warranty—the court rightly instructed that the plaintiff could not recover.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES A. SEDDON, Judge.

AFFIRMED.

*M. F. Taylor* and *R. L. McLaran*, for the appellant.

"A demurrer to the evidence should not be sustained,
unless the evidence wholly fails to make proof of some
essential averment." *Noeninger v. Vogt*, 88 Mo. 589;
*Rice v. Railroad*, 63 Mo. 314. Appellant clearly was
entitled to have his case go to the jury under the evidence, unless the court held that the failure to give the
same notice to the company at Auburn that was given
to the agent here was a fatal omission. In the case of
*Rice v. Railroad*, plaintiff sued for damages to his
stock, which were in the course of shipment under a
contract in which was the stipulation: "No claim for
loss or damage on live-stock will be allowed, unless the
the same is made in writing before or at the time the
stock is unloaded." The court held it to be void as
being unreasonable, and a snare and fraud upon the
public. In the case at bar, if the evidence shows a substantial compliance with the spirit and letter of the
contract, and the reason of it, then plaintiff was entitled
to have the case go to the jury.

*Hough, Overall & Judson* and *W. M. Hough*, for
the respondent.

An instruction in the nature of a demurrer to the
evidence was given by the court upon the authority of
the case of *Nichols, Shepard & Co. v Larkin*, 79 Mo.
264, for the sole reason that it appeared in evidence
that no notice in writing was given to the Birdsall
Company at Auburn, New York, in pursuance of the
written agreement to that effect. The demurrer to the
evidence was, therefore, properly sustained.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant sold to plaintiff a threshing machine, with written warranty that it was well built, of good materials, and with proper management capable of doing as much and as well as other machines of like size and proportion.

The warranty contained the following condition: "The purchasers agree to carefully follow any directions given by the Birdsall Company, in starting and operating the machinery and after giving it a fair trial of one week, if it should not work well, to give written notice to the agent from whom it was received, stating wherein it fails, *and also to the Birdsall Company at Auburn, New York.*"

The machine failed to work satisfactorily, and the plaintiff brought this action against the defendant upon its warranty, but was non-suited upon the trial, presumably on the ground that he failed to give written notice to the Birdsall Company, at Auburn, New York.

The supreme court in *Nichols et al. v. Larkin*, 79 Mo. 271, says: "No principle of law is better settled in respect to such conditions in these machine contracts, than that they are conditions precedent to be observed and performed by the purchaser, and he must show a fair and reasonable compliance with the contract on his part, or he will not be permitted to enforce it against the contractor. *Nichols, Shepard & Co. v. Hail*, 4 Neb. 210; *Miller v. Nichols, Shepard & Co.*, 5 Neb. 482; *Bomberger v. Griener*, 18 Iowa, 480; *Dewey v. Erie Borough*, 14 Pa. St. 212; *Dermott v. Jones*, 2 Wall. 1, 7."

The plaintiff claims that he did give the required notice to the company in Auburn, New York. The only evidence on that subject is that of the plaintiff himself, who says:

"Q. Did you at that time give Mr. Mosher (the agent of whom the machine was bought) a written notice of the fact that it would not work? A. Yes, sir.

"Q. At that time? A. Yes, I think I did.

"Q. Are you positive—will you swear that you gave him a written notice that the machine would not work? A. Yes, sir.

"Q. Did you send a written notice to the company at Auburn, New York? A. I took a written notice to the office myself.

"Q. Did you send a written notice in after you brought the machine in? A. No, sir, I don't think so; before the machine was brought in, I gave Mr. Mosher a written notice.

"Q. You kept a copy of that, did you? A. I expect I have.

"Q. And you sent a copy to the Birdsall Company, New York? A. No, sir, I didn't send any copy to New York, I gave him the notice."

This evidence under the authority of *Nichols et al. v. Larkin, supra,* fails to show a performance by plaintiff of a condition precedent to his right of recovery on the warranty, and the court committed no error in instructing the jury that he could not recover.

Judgment affirmed. All the judges concur.