B. WERNER, Plaintiff in Error, v. JAMES O'BRIEN, Defendant in Error.

Kansas City Court of Appeals, April 14, 1890.

1. **Warranty**: REMEDY OF PURCHASER: INSTRUCTIONS. On a breach of warranty, the purchaser has two remedies, to-wit: He can seasonably return the warranted article and rescind the contract; or he can retain the article and when sued for the purchase money plead a total or partial failure of consideration. The action of the court in giving and refusing instructions in this case approved with exception of some harmless error.

2. **Evidence**: WARRANTY: EXPERT WITNESS: LAPSE OF TIME. Where expert witnesses testify that tobacco of good quality did not deteriorate by age but generally grew better, it is not error to permit them to testify as to the condition of said tobacco on an examination made more than a year after the sale in question.

3. **Instructions**: ASSUMPTION OF FACT. The court's instruction in this case *held* not to contain the vice of assuming a material fact in the issue.

4.   **Pleading**: EVIDENCE: ESTOPPEL: INSTRUCTION.  On an examination of the pleading and evidence it is *held* that neither plaintiff's replication nor his evidence was sufficient to support an instruction embodying an estoppel.

5.   **Warranty**: DAMAGES: INSTRUCTION: HARMLESS ERROR.  While in this case the court's instruction did not, as it should have done, limit defendant's damages, still, as the finding of the jury was not beyond the amount of the note sued upon, the error was harmless to the plaintiff.

*Error to the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*H. T. Williams*, for the plaintiff in error.

(1)  The court erred in refusing plaintiff's instructions 1, 2, 3 and 5.  The defendant kept the goods after examining and testing them; used a large part of them in his business.  Paid three of the four notes, the last one nearly eight months after the sale, made no claim on account of defective quality, but on the contrary, when the note sued on came due, negotiated for an extension of time thereon.  The defendant, therefore, having received and accepted the benefits of the contract, cannot escape its obligations.  *McCreary v. Parsons*, 2 Pac. Rep. 370; 31 Kan. 447; 2 Herman on Estoppel and Res Adjudicata, secs. 1039, 1043, 1053, 1063; 3 Randolph on Commercial Paper, sec. 1870; *Delaney v. McDonald*, 1 N. W. Rep. 331; 47 Wis. 108; *Abbot v. Johnson*, 2 N. W. Rep. 332; 47 Wis. 239.
(2)  Any proof of the condition of the tobacco in defendant's possession nearly one year and a half after the sale was inadmissible.  1 Benj. on Sales [4 Am. Ed. by Corbin] sec. 991; 2 Benj. on Sales, sec. 945, note 15; *Graff v. Foster*, 67 Mo. 520; 1 Greenl. Ev., sec. 49.
(3)  The court's instruction was prejudicial to the plaintiff and strongly calculated to mislead the jury.

Note the language, especially the latter half of the instruction. It assumes that the defendant has sustained damage, which assumption is error because there is much evidence to the contrary; and the court cannot directly or by implication assume in the instructions a material fact that is in issue. 2 Thompson on Trials, sec. 2295; *Moffat v. Conklin*, 35 Mo. 453; *Merrit v. Given*, 34 Mo. 98; *Thompson v. Botts*, 8 Mo. 710; *Peck v. Ritchey*, 66 Mo. 114. (4) The court's instruction ignored the matters placed in issue by plaintiff's reply to defendant's amended answer, *i. e.*, that defendant was estopped to set up want of consideration. *Raysdon v. Trumbo*, 52 Mo. 35; *Cohn v. Reid*, 18 Mo. App. 115; *Jackson v. Bowles*, 67 Mo. 609; *Crews v. Lockland*, 67 Mo. 619; *Greer v. Parker*, 85 Mo. 107; *Sigerson v. Pomroy*, 13 Mo. 620. (5) The jury were privileged by the court's instruction to find for the defendant any amount of damage however excessive, and were not limited to the amount asked in defendant's amended answer. This was error prejudicial to the plaintiff. *Crews v. Lockland*, 67 Mo. 619 at p. 622; *Wright v. Jacobs*, 61 Mo. 19.

*George F. Longan*, for the defendant in error.

(1) The court properly refused plaintiff's instructions 1, 2, 3 and 5. The fact that defendant paid a part of the notes given for the tobacco in question, and kept the tobacco and made no offer to return it, will not preclude him from setting up as a defense a failure or partial failure of consideration. *Compton v. Parsons*, 76 Mo. 445; *Branson v. Turner*, 77 Mo. 489; *Voss v. McGuire*, 18 Mo. App. 477; *Courtney v. Boswell*, 65 Mo. 196; *Murphy v. Gay*, 37 Mo. 535; *Kerr v. Haymaker*, 20 Mo. App. 350. (2) The record shows that no evidence as to condition of tobacco one year and a half after the purchase was admitted until defendant had testified as to the manner in which said tobacco

was kept during the time, and expert testimony was introduced shewing that tobacco kept as this had been kept could not deteriorate or in any way be injured or damaged, but on the contrary would improve, and that its condition at time of examination was in effect its condition at date of purchase. (3) The instruction given by the court does not assume that defendant had sustained damages. It is purely hypothetical, based on the evidence in the case, and does not assume the existence of any fact. (4) There is nothing in fourth point in plaintiff's brief for the reason that the pleadings do not state nor the evidence show facts which would constitute an estoppel. Authorities cited under 1. (5) The defendant in his amended answer asked judgment against plaintiff for one hundred and ninety dollars, but the verdict of the jury gave him nothing and if there was any point in the fact that the court, in its instruction, failed to limit the amount the jury could find for defendant it was cured by the verdict, and if the verdict had given defendant a greater amount than he asked, the defect could have been cured by a *remittitur. Ensworth v. Barton,* 67 Mo. 622.

SMITH, P. J.—Plaintiff brought suit against the defendant in the circuit court of Pettis county on a promissory note for one hundred and sixty-five dollars. The defendant in his answer admitted the execution of the note and alleged that it was the last one of a series given plaintiff for the purchase price of leaf tobacco which the plaintiff warranted to be of such quality and in such condition as to be fit and suitable to be used by defendant for wrappers of fine cigars, and that said tobacco proved wholly unfit and unsuitable for that purpose, etc. There was a further allegation that the tobacco was purchased by sample, and that it was warranted to be equal to the sample by which the purchase was made; that it was inferior to such sample in quality and grade and would not burn, and could not

be used in the manufacture of. fine cigars on account of being inferior in quality and condition to the sample, etc. The plaintiff replied admitting the warranty and alleged a compliance therewith in respect to the tobacco delivered. It was further alleged that defendant had waived his rights under said warranty in that he had paid at the maturity thereof the first, second and third of the notes given plaintiff for the purchase of said tobacco ; and on the third he had asked and obtained an extension of the time thereon ; that at no time had defendant offered to rescind said sale, or made any claims on account of the defective quality of the tobacco, etc.

At the trial the defendant introduced evidence tending to sustain the allegations of his answer. The evidence of the plaintiff tended to prove the facts which he had affirmatively alleged in his replication. The plaintiff asked a number of instructions which were by the court refused. The first told the jury that if the note sued on was one of a series given at one time as one transaction in settlement for a lot of tobacco, and defendant paid said notes as they became due after having a reasonable time and opportunity to test the tobacco, defendant could not then question the consideration of the note sued on. The second declared that if the defendant wrote a letter to plaintiff asking for an extension of the time of the payment of the third note when it became due, and promising therein to pay said note at the end of such time, then defendant should be deemed to have waived the right to set up the defense of a failure of consideration of said note. The third was in effect the same as the second. The fourth declared that if the sale of said tobacco was by sample, and that which was delivered to defendant was equal to the sample, the plaintiff should recover. The fifth declared that if the defendant retained the tobacco in his possession and used a part thereof in the business

of manufacturing cigars, and made no claim for reduction in the price as settled for by the notes, but continued paying them many months after the sale without offering to return the tobacco, that fact raised the presumption that the defendant's claim of defective quality was not well founded. The court on its motion gave the following instructions: "The court instructs the jury that if they believe from the evidence that the note sued on in this case was given by the defendant as a part of the purchase price of a lot of tobacco sold by plaintiff to defendant, and further believe from the evidence that plaintiff as a part of the contract of sale warranted said tobacco to be of such quality as to be suitable for wrappers in the manufacture of fine cigars, and that the said tobacco would burn, and that, at the time of such sale, plaintiff exhibited to defendant a sample of tobacco and contracted with the defendant that the tobacco sold should be as good as the sample shown to him by plaintiff, and that the tobacco sold and delivered to defendant was not suitable to be used in the manufacture of fine cigars, and was not as good as sample shown to him by plaintiff, and that defendant is damaged by reason thereof, then the jury should deduct the amount of said damage from the amount due on said note and render a verdict for plaintiff on the balance, providing you find from the evidence that such damage is less than the amount due on the note. And if you find from the evidence that the amount due on the note is less than the amount of such damage then you should deduct the amount due on the note from the amount of such damage and return a verdict for defendant for the balance so found. But if the jury believe from the evidence that the tobacco sold was as good as the sample and was what it was represented and warranted to be by plaintiff, and that defendant has sustained no damage, then you should find for the plaintiff for balance due on the note."

The finding of the jury was for defendant, upon which judgment was rendered accordingly, to reverse which the plaintiff brings this case here by writ of error.

I. The plaintiff's contention is that the several instructions asked by him should have been given as the law of the case. We cannot regard this contention favorably because the defendant interposed the defense that there was a warranty of the quality and condition of the tobacco, which defense stood admitted by the replication. In such case if the tobacco was not as warranted defendant had two remedies: He could have returned the tobacco to the plaintiff provided he acted seasonably and rescinded the contract; or he could have retained the tobacco and when sued for the purchase money pleaded a total or partial failure of consideration. The evidence tended to show that the tobacco was purchased for wrappers for fine cigars, and that the plaintiff warranted it to be fit to work for that purpose and that it would burn all right; that defendant tested the samples thoroughly and they burned all right, but it was found that the tobacco delivered, after a thorough test, would not burn when used in the cigars which were manufactured by defendant; that the defendant was told when he made the complaint to plaintiff's traveling agent and salesman about the inferior quality of the tobacco that it would be all right when he got down into it; that it was purchased at forty-nine cents per pound, and was not worth more than twenty-two cents.

It has been long and well settled that the right of a vendee to maintain, as a defense in an action of this kind, the defective quality of the warranted article in diminution of the price was not lost by the vendee receiving and accepting the article. *Branson v. Turner*, 77 Mo. 494; *Compton v. Parsons*, 76 Mo. 455; *Murphy v. Gay*, 37 Mo. 535; *Voss v. McGuire*, 18 Mo. App. 477; Benjamin on Sales, secs. 1351-2.

Tested by this rule it is quite clear that the plaintiff's instructions, except the fourth, were erroneous in theory as applicable to this case. The plaintiff's fourth instruction was proper, and, had not the court on its own motion given an instruction presenting for the consideration of the jury a like theory, its action in refusing that instruction would have been error. The first instruction given by the court on its own motion fairly presented the whole case to the jury. There was neither occasion or necessity for other instructions to the jury.

II. No error is perceived in the action of the trial court in permitting the witnesses, Honkomp and Behrens, who had examined the tobacco more than a year after the sale thereof to defendant, to testify as to its quality and condition at that time, since they testified as experts that if the tobacco was of good quality when purchased it would still be so, as it did not deteriorate by age, but generally grew better. The tendency of such evidence was to show, though perhaps but slightly, that the quality of the tobacco at the date of purchase was the same as that at the date of examination.

III. The trial court did not by its instruction directly or by implication assume a material fact in issue. The instruction given by the court contains no such vice as the plaintiff seems to suppose. When the whole instruction is read and considered it will be seen that plaintiff's objection arises from a misconception of the purport and meaning.

IV. There was no plea of estoppel in the replication, or if so there was no evidence upon which to base an instruction embodying that theory. The plaintiff admitted the warranty but alleged a compliance with its requirements on his part and a waiver thereof by defendant. Upon the first of these defenses the court instructed the jury, and as to the latter it did not, there being no evidence to support the same

V. While the court's instruction did not, as it should have done, limit the jury in its finding of damages for defendant, still as the finding for defendant was not beyond the amount of the note sued on, we are unable to discover that the plaintiff suffered any injury in consequence thereof. The error was harmless to the plaintiff. The judgment seems to have been for the right party, and it will therefore be affirmed. All concur.