CALEB BERRY, Appellant, v. WALTER A. WOOD MOWING AND REAPING MACHINE COMPANY, Respondent.

St. Louis Court of Appeals, April 9, 1895.

1. **Sales:** BREACH OF WARRANTY: BURDEN OF PROOF. In an action for the breach of a warranty made in a contract of sale, it devolves upon the plaintiff to show a fair and reasonable performance, on his part, of the conditions of the warranty.

2. ———: ———: AUTHORITY OF VENDOR'S LOCAL AGENT UNDER CONTRACT IN QUESTION. A contract for the sale of a machine provided that notice of any breach of warranty should be given to the vendor's local agent who made the sale; that an opportunity should thereon be afforded the vendor to remedy defects; that, if the machine was then not made to do good work, it should be returned to the place of purchase by the purchaser, and that the continued possession of it by him should conclusively establish a compliance with the warranty. *Held*, that a local agent, who had been thus notified, and had endeavored but failed to remedy defects in a machine sold by him, acted within the scope of his authority in inducing the purchaser to retain the machine pending the submission to the vendor of new terms for the purchase of it, and, accordingly bound the vendor thereby.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*L. P. Crigler* and *McIntyre & Kelso* for appellant.

*W. W. Fry* for respondent.

BIGGS, J.—The defendant is a corporation, and is engaged in manufacturing and selling reaping and

mowing machines. The plaintiff purchased from it a machine, known as "The Walter A. Wood binder," for which he paid $125. The machine was sold under the following conditional warranty, viz: "All our machines are warranted to be well made, and of good material, and to do good work with proper management, when set up and operated as per printed directions. If, upon starting any of our machines, it should not work well, immediate written notice must be given to the Walter A. Wood Mowing and Reaping Machine Company, or the local agent from whom it was purchased, and reasonable time allowed to get to it and remedy the defects, if any, (the purchaser rendering necessary and friendly assistance), when, if it can not be made to do good work, it shall be returned, free of charge, to the place where received, and the payment of money or notes returned. Failure to immediately give notice as above, or continued possession of the machine, whether it is kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty. No one has any authority to add to, abridge or change, this warranty in any manner."

The plaintiff instituted the present action on the above warranty before a justice of the peace to recover the purchase price of the machine. He alleged in his statement that the machine failed to do good work; that the defendant's local agent, through whom the plaintiff had purchased it, was immediately notified of the fact; that the agent failed, after repeated efforts, to remedy the defects in the machine, and that the plaintiff thereupon returned it to the agent at the place where the machine was received, and demanded the return of the purchase money. The case reached the circuit court on appeal, where, on a trial *de novo*, the court sustained a demurrer to the plaintiff's evidence, and thereupon the plaintiff took a nonsuit with leave,

etc.   The circuit court having refused to set aside the nonsuit, the plaintiff has appealed to this court.

Stated briefly, the plaintiff's evidence tended to prove these facts:   The machine was purchased through the defendant's local agent in the county where the plaintiff resided.   The plaintiff started the machine and attempted to cut his crop of wheat, but the machine choked up, and it did not work satisfactorily in other ways.   The local agent was notified without delay, and he sent a man to remedy the trouble.   This subagent continued to work on the machine at short intervals for ten or twelve days, but he failed to accomplish any good.   During the time, the machine was retained at the request of the local agent and upon the assurance that he would be able to make it answer the requirements of the warranty.   At the expiration of ten days or two weeks, the subagent having failed and ceased in his attempts to remedy the defects, the plaintiff put the machine aside and immediately notified the local agent of his intention to return it to him, unless the defendant would permit him to keep it for another year and insure it to work, and would be responsible for anything that might occur.   The agent requested the plaintiff not to return it, until he could submit that proposition to the defendant.   That was acceded to, and in eight or ten days a reply was received from the defendant declining the proposition. Immediately after receiving the reply, the plaintiff returned the machine to the local agent at the place where he had received it.

It devolved on the plaintiff to show a fair and reasonable performance, on his part, of the conditions of the written warranty.   This was a condition precedent to his right to sue.   *Nichols v. Larkin*, 79 Mo. 271; *Weise v. Birdsall Co.*, 35 Mo. App. 229.   Did his

evidence meet this legal requirement is the question. That the machine did not do good work, and that the local agent was notified of that fact, is fully established. That the latter, through his subagents, worked on the machine for ten days or two weeks and failed to make it work with any degree of success, is also well proven. Up to that date the plaintiff was certainly without fault. If he had returned the machine at that juncture, his right to rescind the contract and recover the purchase price of the machine, would, under his evidence, have been beyond controversy. He did not do this, however, but, at the suggestion of the local agent, he kept it for eight or ten days longer, until he received a reply from the defendant rejecting the proposition he had made to the local agent.

We assume that the circuit court treated this arrangement between the plaintiff and the local agent as an attempt to abridge or change the written warranty, and that the retention of the machine thereafter was in violation of its terms. In this we think that the judgment of the trial judge was at fault. The power of testing the machine or making it comply with the warranty was conferred by the defendant on its local agent, and he was thereby vested with authority to do those things which were necessary, reasonable or proper, to be done in conducting the business. It was his business to make sales, and then to see to it, when notified, that the machines worked satisfactorily and were not returned to the defendant. Hence, we conclude that the arrangement alleged to have been made by him for the further retention of the machine by the plaintiff was reasonably within the scope of his agency, as it looked to, and had for its object, the final consummation of the sale; and it, therefore, follows that the question, whether the plaintiff had acted seasonably in

returning the machine, ought to have been submitted to the jury under proper instructions.

The judgment of the circuit court will be reversed, and the cause remanded. All the judges concur.