Tall v. Chapman.

JOSEPH S. TALL, Appellant, v. JOHN C. CHAPMAN, Respondent.

### St. Louis Court of Appeals, May 12, 1896.

1. **Sales**: BREACH OF WARRANTY: TENDER.  On the breach of a warranty in the sale of a chattel the vendee may either affirm the contract, retain the chattel and obtain damages, or he may rescind the contract, offer to return the chattel, and either defend against a suit for the purchase money, or, if it has been already paid, sue for its return; and in the latter case a formal tender need not be pleaded or shown, if the facts pleaded and proof adduced show that one would have been unavailing.

2. **Practice, Appellate**: INSTRUCTIONS: COMMON ERROR.  An appellant is not in a position to complain of an error in an instruction given by the court at the instance of his adversary, if the instructions given at his own instance contain the same error.

3. **New Trial**: NEWLY DISCOVERED EVIDENCE: WANT OF DILIGENCE.  Newly discovered evidence does not entitle a party to a new trial, when it could have been easily discovered in time for the trial through the exercise of ordinary diligence and inquiry.

*Appeal from the Clark Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED.

*Blair & Marchand* for appellant.

*C. T. Llewellyn* and *W. T. Rutherford* for respondent.

ROMBAUER, P. J.—On the thirtieth day of May, 1895, the plaintiff and defendant made a trade or

exchange. The plaintiff was to transfer and deliver to the defendant a bicycle and appurtenances and to surrender to him his, the defendant's, note to plaintiff for $10.35. The defendant in return was to transfer and deliver to the plaintiff a horse and a promissory note of one Vickers for $54. While no exact valuation was placed by the parties on these various articles, it appeared by all the evidence that the bicycle and appurtenances were put in on an assumed valuation of from $75 to $80, and the horse on an assumed valuation of from $35 to $40, making with the Vickers note an assumed value of between $87 and $94.

In pursuance of this trade the plaintiff delivered the bicycle to the defendant, and canceled the defendant's note for $10.35. The defendant also delivered to the plaintiff the horse, but failed to deliver the note, which he claimed was lost or mislaid. A month or two thereafter the defendant, claiming that he was deceived in the bargain, offered to return the bicycle to the plaintiff, and to repay to him the $10.35, upon plaintiff's returning the horse to him. The plaintiff declined to accede to this proposition, and in September, 1895, instituted the present suit.

The petition sets out the trade and the defendant's refusal to transfer the $54 note, and claims judgment on that account. It also claims that the horse was traded with a warranty as to its soundness and gentle disposition, and that it was neither sound nor of gentle disposition, and claims damages for the breach of said warranty. The answer claims that the bicycle was fraudulently represented by the plaintiff as being the latest improved 1895 Columbia bicycle not exceeding twenty-three pounds in weight, and as an $80 machine, for which plaintiff had paid $75, all of which representations were false and made with intent to cheat the defendant; that said bicycle was of much inferior make

and worthless; that the defendant was ignorant of the make and quality of bicycles and their value, while the plaintiff was thoroughly familiar with these things; that the defendant relied upon the plaintiff's representations, and, upon discovering that they were untrue, offered to return whatever he had received in the bargain upon the return of his horse to him by the plaintiff; and that the plaintiff refused to accede to this proposition, and still retains the horse. The defendant denies that the horse was sold with a warranty, and claims the horse was sound.

The answer then makes a tender of the $10.35 received and of the bicycle, and claims judgment for the value of the horse.

Upon the trial the plaintiff gave evidence tending to support the allegations of his petition. The defendant then gave evidence to support the averments in his answer. It appeared by the evidence that, when he traded for the bicycle, the plaintiff exhibited to him a check for $75, and said: "This is what I paid for it;" also that the amount which the plaintiff had actually paid for the bicycle was only $47, although the price at which the local merchant held them was $60; that plaintiff went down with the defendant to the local merchant of whom he had bought the wheel, and asked him, in defendant's absence, to say to the defendant upon his return that the price of the wheel for that year was $75, which the local merchant declined to do; and that plaintiff was familiar with the quality and price, and the defendant was not. The defendant also gave evidence tending to show that the horse he traded to the plaintiff was of a gentle disposition, although not broken, and that its reasonable market value was about $40.

The jury brought in the following verdict: "We, the jury, find for the defendant on the first and second

counts of plaintiff's petition, and we further find for the defendant on his counterclaim in the sum of $24.65, which is value of horse, $35, less note of $10.35.''

The law and facts of this case lie apparently within a narrow compass, and yet no less than nine distinct errors are assigned by the learned counsel for appellant, some of them subdivided into numerous points. Were we to notice each of them in detail, we would have to write a commentary on the law of pleading, evidence, sales, exchange and fraudulent representations. This we can not do, and must confine ourselves to answering such complaints made as seem to demand consideration.

1. The defendant's counterclaim is sufficiently well pleaded to uphold it after verdict. Its sufficiency was first challenged by motion for new trial. The vendee, when suing for breach of a warranty in the sale of a chattel, may either affirm the contract, retain the chattel, and sue for damages, or rescind the contract, offer to return the article, and defend against a suit for the purchase money or sue for its return. The defendant in this case adopted the latter alternative. A formal tender need not be pleaded or shown, where the facts pleaded and proof adduced show that it would have been unavailing, if made. *Werner v. O'Brien*, 40 Mo. App. 483; *Branson v. Turner*, 77 Mo. 494; *Enterprise Soap Works v. Sayers*, 55 Mo. App. 15–25.

2. Representations as to value are not actionable, but the court admitted all the evidence on that subject offered by both parties without objection, and the plaintiff's first instruction submits that question to the jury; hence the plaintiff is in no position to complain that a similar error is contained in the first

instruction given on part of the defendant. It was an error invited by himself. *Davis v. Brown*, 67 Mo. 313; *Thorpe v. Railroad*, 89 Mo. 650.

3. It is not apparent how the second and third instructions given for defendant have prejudiced the plaintiff. He claims in his petition three distinct warranties of the horse, namely, that it was gentle, that it was free from blemish, and that it was sound. The breach of soundness is alleged to have consisted in a cough, and yet he complains that the blemish (which consisted of a lump on the horse's nose) should have been submitted to the jury as a breach of the warranty of soundness. As to this blemish it was an obvious defect, and it was in evidence that the plaintiff had frequently seen the horse before he traded for it.

4. The plaintiff filed a supplemental motion for new trial on the ground of newly discovered evidence. This evidence was to the effect that the defendant had the bicycle repaired in October, 1895. The affidavits failed to show how the bicycle was injured before its repair. The bicycle was in the court room when the cause was tried, and its condition was perfectly apparent. The place of its repair was the place of the plaintiff's residence and the place of trial, a place of inconsiderable size, and the fact of the repairs, if deemed material, could have been easily discovered by the use of ordinary diligence and inquiry by the plaintiff. We are, therefore, not warranted in saying that the court abused its discretion in not granting a new trial on the ground of newly discovered evidence. The verdict makes the bicycle the plaintiff's property from date of tender, and, if the defendant has injured it since said date, he is responsible to the plaintiff in damages. We are not justified in vacating verdicts on the ground that they are opposed to the weight of the

evidence or the probable result of class prejudice. *Carder v. Primm*, 60 Mo. App. 423.

Judge BOND concurring, the judgment is affirmed. Judge BIGGS does not sit in the case.