70   19
88  354
88  391

D. M. OSBORNE & COMPANY, Appellant, v. GEORGE
HENRY, Respondent.

Kansas City Court of Appeals, March 22, 1897.

1. **Sales:** WARRANTY: PERFORMANCE.   A contract in the sale of a reaping machine stipulated if the machine did not work well notice should be given and the vendor on failing to make it work would replace the defective part or take back the machine and return the purchase money and notes.   On such notice and failure to make the machine work the vendor must exercise his option as to whether he will replace the part or take the machine back, since the conditions are material and dependent and the party seeking to enforce the contract must show compliance on his part before he can enforce conformance by the other.

2. ——: ——: RETENTION OF MACHINE.   In an action on a note for the purchase money of a machine, which last did not comply with the warranty, the retention of the machine will not defeat the defense of want of compliance with the warranty since the vendor could recover only the value in its defective condition or the vendee might recover such damages as he may have suffered.

3. ——: ——: ——: CONSTRUCTION: DEFENSE.   A contract in the sale of a harvester in addition to the above stipulations provided that the keeping of the machine during harvest, whether used or not, should be deemed conclusive evidence that the machine fills the warranty.   This last provision is intended only to apply in cases where no notice of the defect was given during the harvest, and such retention under the facts in this case will not defeat the defense nor will payment of part of the purchase money, since, on the evidence, the vendor waived said provision.

*Appeal from the Harrison Circuit Court.*—HON. P. C.
STEPP, Judge.

AFFIRMED.

*A. F. Woodruff* and *A. S. Cumming* for appellant.

(1)   When parties have put their agreement in writing and set their hands thereto they are bound by

the conditions therein expressed. *Nicholas v. Larkin,* 79 Mo. 264, 270; *Davis v. Smith,* 15 Mo. 467; *Gibson v. Perry,* 29 Mo. 245; *Wendell v. Osborne,* 63 Iowa, 103; s. c., 18 N. W Rep. 709; *Reeves & Co. v. Corrigan,* 57 N. W. Rep. (N. D.) 80. (2) The conditions expressed in said contract to be performed by the defendant are as follows: Notice promptly given to the agent of whom the machine is purchased. Return of the machine to the office of the agent. Must not be kept during harvest. Each of which conditions is a condition precedent and all must be complied with before defendant can avail himself of breach of warranty, either as a ground of action or defense. *Nichols v. Larkin,* 79 Mo. 264; *Boyer v. Neal,* 50 Mo. App. 26; *Oakley v. Morton,* 11 N. Y. 25; s. c., 62 Am. Dec. 49; *Bersch v. Sanders,* 37 Mo. 104; *Furneaux v. Esterly,* 36 Kan. 539; *Weise v. Birdsall,* 35 Mo. App. 229; *Bank v. Westlake,* 21 Mo. App. 565; *Craycroft v. Walker,* 26 Mo. App. 469. (3) The contract provides that in case of failure of the machine to work properly defendant must return it to the agent, and that keeping the machine during the harvest shall be deemed an agreement on defendant's part that the machine fulfills the warranty. The defendant is shut out by this stipulation. *Kingsland v. Board,* 60 Mo. App. 662, 670; *Kingman v. Schulenberger,* 64 Mo. App. 548. (4) Under this and similar contracts the courts hold that the purchaser must comply with all the conditions stipulated in the contract and failure to do so operates as an acceptance. *McCormick v. Hartman,* 53 N. Y. Rep. (Neb.) 566; *Fahey v. Esterly,* 55 N. W. Rep. (N. D.) 580. (5) And that there can be no waiver by agents. *Fahey v. Esterly,* on rehearing, *supra; Mfg. Co. v. Lincoln,* 61 N. W. Rep. (N. D.) 145; *Reeves & Co. v. Corrigan,* 57 N. W. Rep. (N. D.) 80; *Furneaux v. Esterly,* 36 Kan. 539; *Boyer v. Neal,* 50 Mo. App. 26. (6) Any

action of plaintiff offering to fix machine is a mere friendly action and can not operate as a waiver. *Wendell v. Osborne*, 63 Iowa, 103; N. W. Rep. 709. (7) The essential elements of the case at bar are exactly parallel to those of the case of *Kingman v. Schulenberger*, 64 Mo. App. 548.

*J. C. Wilson* and *McCullough & Peery* for respondent.

(1) The contract did not provide, as contended in appellant's brief, that the defendant should give the notice and return the machine to the office of the agent. Upon the contrary, it provided that he should give the notice only. When he did that he did all that he was required to do. The plaintiff was then either to remedy the defect or receive the machine back and surrender the notes. The plain meaning of the contract is that plaintiff reserved the right to have defendant retain the machine, and to remedy the defect. The contract upon this point is clearly in the disjunctive. The plaintiff could do one or the other of the things provided for. The defendant had no right to say which it should do. That right was expressly reserved to the plaintiff. By the terms of the contract it was not a condition precedent that defendant should return the machine to the office of the local agent. He was simply to give the notice, and plaintiff could then adopt either alternative given it by the contract. It was not required that the machine be delivered at the office of the agent, if the plaintiff elected to remedy the defective part. This contract is wholly unlike any of those construed in any of the cases cited by appellant. (2) Appellant says: "The essential elements of the case at bar are exactly parallel to those of the case of *Kingman v. Schulenberger*, 64 Mo. App. 548." This state-

ment is wholly at variance with the facts. (3) Is the defendant, under the circumstances detailed in evidence, precluded from a defense by his failure to return the machine to the agent's office in Ridgeway, before the end of the first harvest? He is not. (4) Contracts should be construed with reference to the general object and purpose for which they are entered into by the parties and a rational and harmonious effect should be given to all the parties, if possible. *Ellerbe v. Barney*, 119 Mo. 639; *McCullock v. Holmes*, 111 Mo. 445; *Shickle v. Chouteau*, 10 Mo. App. 241; s. c., 84 Mo. 116. The circumstances under which the contract is made may be looked to in aid of the construction; and the acts of the parties to the instrument are entitled to great weight. *Dobbins v. Edmons*, 18 Mo. App. 307; *Crawford v. Elliott*, 78 Mo. 497. Courts will not give a meaning to a contract repugnant to that which the acts of the parties have given it, where the letter of the contract is not repugnant to such meaning. *Goldman v. Wolf*, 6 Mo. App. 490. (5) The defendant offered to return the machine to the agent, but he refused to take it, and insisted that defendant retain it, and the company would fix it. "A formal tender need not be pleaded or shown, where the facts pleaded and proof adduced show that it would have been unavailing if made." *Tall v. Chapman*, 66 Mo. App. 584; *Werner v. O'Brien*, 40 Mo. App. 483; *Branson v. Turner*, 77 Mo. 494; *Soap Works v. Sayers*, 55 Mo. App. 15–25. (6) Even if the return of the machine was a condition precedent, under this contract, as claimed by appellant (which it was not), still the plaintiff has waived it. The necessity of performing a condition precedent may be waived by the party in whose favor it is stipulated, either expressly, or by implication from his acts and conduct. *Dobbins v. Edmons*, 18 Mo. App. 307; Benj. Sales [4 Ed.], 566, 567; *St. Louis v. Ferry Co.*, 88 Mo.

615; *Jones v. Chambers*, 18 Mo. App. 331; Lawson, Cont., sec. 455; *Phillips v. Seymore*, 91 U. S. 646; *Eyster v. Parrott*, 83 Ill. 517.   A right of forfeiture may be waived.  *Chadwick v. Triple Alliance*, 56 Mo. App. 463.   A consideration such as is necessary to support a contract is not necessary to support a waiver. *Griffith v. Gillum*, 31 Mo. App. 33; Benj. Sales [4 Am. Ed.], p. 743, sec. 859.  (7) It is stated in appellant's brief that the local agent could waive none of the terms of the warranty.   In reply to this we need only cite *Berry v. Machine Co.*, 62 Mo. App. 44.

SMITH, P. J.—This is a suit on two promissory notes each for $40.   The answer admitted the execution of the notes and alleged that the same, with a third for a like amount already paid off, were executed and delivered to plaintiff for the purchase price of an Osborne binder with trucks and bundle carrier machine.   It was further therein alleged that at the time of the purchase of said machine the plaintiff and defendant entered into an agreement in writing which contained the following representations and covenants of warranty, to wit:

PLEADINGS.

"This machine is hereby purchased and sold subject to the following warranty and agreement, and no one has any authority to add to, abridge, or change it in any manner.   All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from ten to fifteen acres per day. If, on starting a machine it should in any way prove defective and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it and allow time for a person to be sent to put it in order.   If it can not then be made to do good work the defective part will be replaced, or the machine received back from the purchaser at the office of the agent from

whom it was purchased, and the money or notes returned. Keeping the machine during harvest, whether kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty." And that defendant, at the time he executed said promissory note, relied upon the representations and warranties contained in said agreement believing the same to be true but that .the same were untrue and false in that the said machine was not well built, nor of good material, nor would not properly cut fifteen acres per day nor any other number of acres. It was therein further alleged that upon starting said machine and as soon as defendant learned that the same was defective and would not do the work as it was intended to, he promptly and repeatedly notified plaintiff of the defects therein and that the same would not ' work; and repeatedly requested it (plaintiff) to make the same good and put it in order under the said agreement and to replace the defective parts which it (plaintiff) refused to do. There was also the further allegation that the machine was not worth the purchase price of $120, and that the defendant had been damaged in the sum of $50. Judgment was demanded for the cancellation of the notes sued on and for $50 damages, etc.

The replication admitted that said notes were given for the purchase price of said machine and that one of them had been paid by defendant as alleged in the answer. The agreement referred to in the answer and hereinbefore set forth was likewise pleaded *haec verba* in the replication. It was alleged that the plaintiff had and the defendant had not complied with the terms and conditions of the said agreement. Upon this state of the pleadings there was a trial resulting in judgment for defendant.

Manifestly the agreement pleaded contained a warranty to the effect that the machine was well built,

of good material and capable of accomplishing certain results. Such warranty was, however, *SALES: warranty: performance.* subject to the condition, *first*, that if on starting the machine it should, in any way, prove defective and not work well, the purchaser was required to give prompt notice to the agent of whom he purchased it and allow time for a person to be sent to put it in order and if it could not be put in good order, *second*, the plaintiff had the right either to replace the defective part, *third*, or to receive back the machine from the purchaser at the office of the agent from whom purchased and return the purchase money or notes.

The evidence of the plaintiff tended to prove that the machine was defective in several particulars and incapable of accomplishing the results for which it was warranted; and that as soon after the starting of the machine as this was discovered by defendant he gave notice thereof to the agent of the plaintiff of whom such machine had been purchased. The defendant's right of action was then complete. This right, under the agreement, was subject to avoidance in one of three ways, that is to say, *first*, by putting the machine in good working order within a reasonable time after the receipt of the notice to the agent already alluded to, or *second*, if this could not be done, then to either replace the defective parts of the machine, or, *third*, to take it back and return the purchase money and notes. The replication does not plead and the evidence does not tend to prove either of these facts. The most that the evidence shows is that the plaintiff's agent on receipt of notice, made a vain attempt to put the machine in good working order. Although the plaintiff did not succeed in putting the machine in good working order it might still have avoided the defendant's right of action by exercising one of the two options

still open and accorded to it by the agreement, namely, to either replace the defective parts of the machine or to take back the same and return the purchaser's money and notes. The exercise of this right was not within the compulsory power of the defendant. The plaintiff was still in default when it failed to put the machine in good working order, and by failing to exercise either of said options it so continued.

If the plaintiff had, as it did not, offered to replace the defective parts of the machine or to take it back and return the purchase money and notes and the defendant had refused to accept either of such offers, this would have been sufficient to avoid defendant's action for the breach of the covenant of warranty. The conditions in the agreement were material and dependent obligations and covenants and the party seeking to enforce the warranty therein must show compliance before he can insist on performance by the other party. *Kingman v. Schulenberger*, 64 Mo. App. 548. And it has been authoritatively declared that no principle of law is better settled in respect to such conditions in these machine contracts, than that they are conditions precedent, to be observed and performed by the purchaser, and he must show a fair and reasonable compliance with the terms of the contract, or he will not be permitted to enforce it against the contractor. *Nichols v. Larkin*, 79 Mo. 264; *Kingman v. Schulenberger, supra*.

The evidence discloses that defendant performed all the conditions of the warranty on his part and that therefore he was in a situation to exact compliance on the part of the plaintiff.

—: —: retention of machine.

Defendant, after the plaintiff's agent had failed to make the machine work satisfactorily, did not return or offer to return the same and demand a return of the purchase money and notes, nor did the plaintiff

offer to take back the machine and return the purchase money and notes so that there is no question of rescission of the agreement in the case. The fact that the defendant did not return or offer to return the machine forms no impediment to the defense interposed by him. It has long been the well established law in this jurisdiction that the right of a vendee to maintain, as a defense in an action of this kind, the defective quality of the warranted article in diminution of the price is not lost by the vendee receiving and accepting the article. *Werner v. O'Brien*, 40 Mo. App. 483; *Tall v. Chapman*, 66 Mo. App. 581; *Brannon v. Turner*, 77 Mo. 494; *Campton v. Parsons*, 76 Mo. 455; *Murphy v. Gay*, 37 Mo. 535. If the machine, though defective, was of any value, the defendant was liable to that extent, but if it was of no value for any purpose whatever, or its value was not in excess of $40, the amount of the purchase money paid thereon by defendant, then the plaintiff was not entitled to recover at all.

But the plaintiff insists that the last clause in the agreement which was to the effect that the "keeping the machine during harvest, whether kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty," precludes the defense interposed by defendant. A brief reference to

construction: defense. some of the pertinent rules by which courts are influenced in construing contracts may not be out of place here. It has been declared that contracts should be construed with reference to the general objects and purposes for which they are entered into by the parties and a rational and harmonious effect should be given to all the parts if possible. *Ellerbe v. Barney*, 119 Mo. 639; *McCulloch v. Holmes*, 111 Mo. 445. Courts will not give a meaning to a contract repugnant to that which the acts of the parties have given it when the letter of the contract is not re-

pugnant to such meaning. *Goldman v. Wolf*, 6 Mo. App. 490. And so it has been said that the circumstances under which the contract is made may be looked to in aid of the construction, and the acts of the parties to it are entitled to great weight. *Dobbins v. Edmons*, 18 Mo. App. 307; *Crawford v. Elliott*, 78 Mo. 497.

In the light of these rules looking at the various clauses of the warranty in their entirety, it seems clear to us that the clause in question is applicable only in those cases where the vendee, after discovering that the machine does not fulfill the conditions of the warranty, retains it during the ensuing harvest without giving notice to the agent of the defect therein. This clause was no doubt designed for the protection of the vendor and to compel the vendee to give timely notice if the machine, when started, was found not to fulfill the warranty or otherwise to be concluded. This construction accords to the agreement a reasonable meaning which it must be presumed was intended by the parties thereto. But when as here the vendee gives prompt notice that the machine does not meet the requirements of the warranty, and the vendor fails to remedy the defect or otherwise comply with the obligations imposed by the terms of the warranty, the application of the rule contained in the clause in question would be most unreasonable. But even if primarily applicable in the case, its requirement must be held by the clearest implication to have been waived by the conduct of the plaintiff.

No rule of law is more firmly settled than that the necessity of the performance of a condition precedent may be waived by the party in whose favor it is stipulated, either expressly or by implication from his acts. *Dobbins v. Edmons, supra; St. Louis v. Ferry Co.*, 88 Mo. 615; *Phillips v. Seymore*, 91 U. S. 646. The plaintiff on receipt of the notice that the machine did

not fulfill the warranty, undertook to remedy the defect and failed. It then, through its agents, from time to time, and until several harvests had passed, repeatedly requested the defendant to retain the machine, assuring him that it would remedy the defect. In the face of this implied confession that the machine was defective and insufficient, the plaintiff is in no situation to invoke the application of this rule of limitation, but rather must be deemed to have waived the same.

Nor is the defendant estopped to maintain this action by the reason of the payment of part of the purchase money, because it appears from the evidence that the defendant was induced to retain the machine by the promises on the part of the plaintiff that it would make it (the machine) fulfill the warranty. *Courtney v. Boswell*, 65 Mo. 196; *Hayner v. Churchill*, 29 Mo. App. 684; *Berry v. Machine Co.*, 62 Mo. App. 41; *Steere v. Thresher Co.*, 40 Mo. App. 485.

The instructions upon which the case was submitted to the jury, while subject to some slight verbal criticism, were substantially correct in their expression of the rules of law applicable under the pleadings and evidence.

The judgment is obviously for the right party, and must accordingly be affirmed. All concur.