# D. M. OSBORNE & COMPANY, Appellant, v. E. W. MULLIKIN, Respondent.

### St. Louis Court of Appeals, April 9, 1901.

1. **Warranty**: CONDITIONS PRECEDENT: SALE. Where a party strictly complies on his part with all conditions precedent and obligations in a contract of sale, he has a good standing on the ground of broken warranty.

2. ———: ———: STIPULATION FOR RETURN OF PROPERTY: WAIVER. And the stipulation for a return of the property sold can be waived by vendor.

3. ———: ———: ———. And in the case at bar, an offer to return the property, which was unconditional, was a full compliance with the contract of sale.

Appeal from Scotland Circuit Court.—*Hon. Edwin R. McKee,* Judge.

AFFIRMED.

*John M. Jayne* for appellant.

(1)    This machine was sold upon an express written, conditional warranty which was given after the respondent had used the machine for the season of 1895.    Therefore, he is confined to the conditions attached to the said written contract. Wood Machine Co. v. Babbst, 56 Mo. App. 427.    The contract in that case is similar to the one under consideration.    The contract as set out in the case of Kingman & Co. v. Schulenberger, 64 Mo. App. 548, is also similar to the one under consideration. It was complete in all its parts, and no parol evidence which

tended to vary or contradict its terms was admissible. So one who seeks to avoid the purchase price of an implement purchased under a written contract must show that he has complied with the terms of said written contract on his part. Kingman & Co. v. Schulenberger, 64 Mo. App. 548; Nichols, Shepard & Co. v. Larkin, 79 Mo. 264. (2) An attempt by the seller to remedy defects in machinery after the expiration of a stipulated time for notice of such defects to be given, can not operate as a waiver of the terms and conditions of said contract, and especially when the contract expressly provides that such terms and conditions can not be waived. Boyer v. Neel, 50 Mo. App. 26. The agent of the appellant could not bind it by any agreement the said agent may have made, because it would be beyond the agent's authority to do so; the contract provided in this case that "no variation of this warranty, oral or written, will be accepted by us, and the failure to give notice, or the failure to return the implement to the local agent will constitute acceptance of the implement." Mfg. Co. v. Board Bros., 60 Mo. App. 662.

*Smoot, Mudd & Wagner* for respondent.

(1) Now, under the warranty and the evidence, the respondent's defense was complete. D. M. Osborne & Co. v. Harvy, 70 Mo. App. 19. Respondent had the right to offer to return the property under the warranty, and if he so offered to return it, this was a complete defense. Keystone Co. v. Leonard, 40 Mo. App. 477; Werner v. O'Brien, 40 Mo. App. 483. (2) It was in the power of the local agent of appellant to induce the party to keep the property under said contract, and if he did so, the appellant under such circumstances will not be heard to complain. Berry v. Wood Co., 62 Mo. App. 41. It is fairly within the power of the selling agent

to make the machinery run, and for that purpose induce the purchaser to retain the same.   See authorities above cited.   (3) An offer to return is equivalent to a return accepted.   Wall v. Gates, 4 Mo. App. 1.   The return of the machine would have been of no avail under the circumstances surrounding this case as shown by the testimony.   Calhoun v. Paule, 26 Mo. 274.

GOODE, J.—Action on two promissory notes given for the purchase price of a self-binding harvester.   Defense, breach of the following written warranty: "This implement is warranted to be well made, of good material and with proper management, to do good work.   If, on starting it, it should occur that the purchaser can not make it work well, he should immediately notify the local agent who sold it, or D. M. Osborne & Co., whereupon, some one will be sent to put it in order.   If it is not then made to do good work, it may be returned at once to said local agent at his place of business and any payments made will thereupon be refunded.   Failure to give notice or failure to return the implement as aforesaid, will constitute an acceptance of the implement.   No variations of this warranty, oral or written, will be recognized by us.

"MOUNT & DONNELL,

"Local Agents."

The point relied on for a reversal, which was raised at various stages of the trial by objections to testimony and by instructions, was respondent's alleged failure to return the machine.   The harvester was bought in 1895, and used a little for three or four years in attempts to make it work.   This was done at the solicitation of appellant's agents.   Somebody was sent by the company a time or two to fix it—once or twice a man, and once a boy who knew nothing about fixing it.   One of the experts cut the wings off five or six inches to prevent them from catching on the double-tree and breaking, as they continu-

ally did when the machine was operated. They were then so short they wouldn't reel short oats. The article was worthless for the purpose for which it was bought, as the evidence discloses. Five or six witnesses so testified, including the local agent who sold it. He said: "It wouldn't bind, it wouldn't work, it wouldn't run, it wouldn't go." The breach of the warranty was convincingly established. It was shown, too, by the undisputed testimony, that the respondent offered to return it every season after he got it, beginning with the first, but was directed by the local agent to hold it for further attempts by the plaintiff to make it work. Both the respondent and the agent swear alike as to that. The latter said he "insisted on him (defendant) keeping it and making them (plaintiff) come and fix it." Instead of receiving it back or fixing it, the plaintiff sued on the notes given for the purchase price.

The court committed no error in trying and instructing the case on the theory that, if the warranty was broken, the plaintiff's agent notified, futile attempts to render the binder useful made, and defendant offered to return it and was prevented by the agent, then the defendant was not liable on the notes. The instruction given carefully charged that way, and those refused were to the contrary, based on the notion that the buyer was bound to return the machine in spite of what the local agent said or did. It is claimed the contract so stipulates. We do not think so. On the contrary, it expressly provides for a return to the "local agent at his place of business." Clearly when the defendant did this, he had a right to act on the assumption that said agent had authority in regard to receiving it.

We shall not review the numerous cases on the subject of notes given for machines and breaches of warranty defenses thereto. This case is unlike many of them. The respondent

Vol 88 app—23

strictly complied on his part with all conditions precedent and obligations, and has therefore a good standing on the ground of broken warranty.   Osborn & Co. v. Harvey, 70 Mo. App. 19; Kingman v. Schulenberger, 64 Mo. App. 548; Keystone Co. v. Leonard, 40 Mo. App. 477; Werner v. O'Brien, 40 Mo. App. 483; Nichols v. Larkin, 79 Mo. 264.   The stipulation for a return of the property could be waived by the plaintiff.   (Dobbins v. Edmonds, 18 Mo. App. 307; Osborn & Co. v. Henry, 70 Mo. App. 19; St. Louis v. Ferry Co., 88 Mo. 615; Phillips v. Seymour, ˙91 U. S. 646), and the local agent had power to waive it.   Berry v. Wood Machine Co., 62 Mo. App. 41.   Besides, the offer to return, which was unconditional, was a full compliance with the contract of sale.   Walls v. Gates, 4 Mo. App. 1.

Finding no error in the rulings on evidence or instructions, the verdict can not be disturbed.   Judgment affirmed.   All concur.