BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1911.

J. I. CASE THRESHING MACHINE CO., Appellant, v. R. D. GARDNER et al., Respondents.

Kansas City Court of Appeals, May 15, 1911.

1. CONTRACT OF SALE: Warranty: Waiver. Where a machine is warranted but the contract also provides that any defective part must be returned to the seller, the latter may waive a return by himself repudiating the contract.

2. ———: ———: Part Payment: Counterclaim: Estoppel. If a buyer expresses satisfaction with a machine when a defect has been apparently remedied and is assured by the seller that he will make it come up to the warranty, and being thus induced, pays one of three notes given for the purchase money, he is not estopped to defend against the other notes when sued; nor to plead a counterclaim for the money paid on the first note.

Appeal from Putnam Circuit Court.—*Hon. G. W. Wanamaker*, Judge.

AFFIRMED.

*Higbee & Mills* for appellant.

*N. A. Franklin* for respondent.

ELLISON, J.—This action was instituted to recover a judgment on two promissory notes. The defendants prevailed in the trial court.

The notes, and one other, were given as part of the purchase price of a machine known as a Roll Husker Shredder. The other note was paid by de-

fendants.   Defendants' answer pleaded a written warranty and breach; and also a counterclaim for the note paid to plaintiff.   The judgment was for defendants as to the notes in suit and also for the amount of the counterclaim.

That part of the warranty to which we need refer was that the machine was to be of good material and "to do as good work under same conditions as any made in the United States of equal size," etc. That if the machine failed, the purchasers were to give notice stating what parts, "and if the machinery cannot be made to fill the warranty, the part that fails is to be returned by the purchaser to the place where received."

In view of the verdict being for defendants, we will assume as established fact that the machine was practically a total failure and that there was therefore a breach of warranty in that respect.   The plaintiff seeks to avoid the warranty on the ground of waiver which it contends arose through defendants testing the machine and failing to return it.   And it likewise seeks to estop defendants from recovery on the note paid by them on the ground of its being voluntarily paid in recognition of the contract.

It was shown that the machine was bought the 25th of September, 1906; that shortly afterwards it was received by defendants and that from the start it would not work satisfactorily.   Defendants complained several times and plaintiff's agent came several times to remedy the trouble.   He took out pieces and put others in their place.   But it is conceded that defendants never returned the machine as a whole, nor any of its parts, and this is the chief ground for what may be called a double contention by plaintiff: first, that the warranty was waived; and that by failing to rescind and return, no defense exists under the answer, which does not seek to recover damages by standing on the contract, and keeping the prop-

erty. Defendants' answer to this contention is that they notified plaintiff of the failure of the machine and that plaintiff by the conduct of its agent and its correspondence with defendants prevented them from returning the machine or any of its parts, or induced them not to do so. It was then shown in evidence that plaintiff's agent, when attempting to put the machine in order, repeatedly assured defendants that it would be made to perform as warranted, and led them to continue to try it, and that these inducements and promises were being held out when defendants paid the first note. In fact, since the jury has found in favor of the defendants, there is but one point in the controversy worthy of serious consideration, and that is the failure of defendants to return the machine or any of its defective parts. But we have concluded that they were relieved of the necessity for this by the conduct of plaintiff in the manner set up in their answer to which we have just referred. It is a provision in plaintiff's favor which it may waive. [Miles v. Withers, 76 Mo. App. 87.] In the first place the contract provided that it was only the part of the machine which failed to perform that was to be returned and those parts were shown by the evidence to have been taken by plaintiff's agent at times when he was endeavoring to remedy the machine, and thrown away or left on the ground as valueless material. He refused to take them back. But, besides this, plaintiff, without legal cause, itself repudiated its obligations under the contract in a letter of October 21, 1907, wherein it declared that because its agent had adjusted defects once and defendants had expressed their satisfaction at that time, "it was in no way obligated to assist" them further. And that "In fact the warranty has entirely run out on your machinery." This expression of satisfaction by defendants was at a time when plaintiff's agents would assure them everything had been made right; when upon trial

soon after the same, or some other, difficulty would appear. It afforded no ground for plaintiff to regard its contract of warranty at an end. While the case of Palmer v. Reeves & Co., 139 Mo. App. 473, did not present facts in all respects like those at bar, yet the case has application here against plaintiff's view.

The payment of the first note did not estop defendants in the defense they make, for the reason that they were induced to pay and to keep the machine for further trial, by the request of plaintiff and its promise to perfect it. [Osborne v. Henry, 70 Mo. App. 19, and cases cited.]

Plaintiff asked no instruction save a peremptory one to find for it, and defendants asked but one, which was given. We find no reason for disturbing the judgment in but one respect. It is conceded the finding on defendants' counterclaim is for $54.75 in excess of the proper sum, and they offering to remit that sum, the remittitur will be entered and the judgment affirmed; the costs of the appeal taxed against defendants. All concur.