IN THE

## St. Louis and the Kansas City

# COURTS OF APPEALS

### MARCH TERM, 1887.

| 27 | 1 |
|----|----|
| 63 | 266 |
| 27 | 1 |
| 100 | 406 |

DEERE, MANSUR & COMPANY, Appellants, v. HUCITT & FIERLING, Respondents.

Kansas City Court of Appeals, June 6, 1887.

CONTRACT—CONDITIONS—CASE ADJUDGED. — A feed-mill and corn-sheller was sold with an express written warranty that it would do good work, *but conditioned* that if it should *fail* to fulfill the warranty, that the seller should be *notified* of the fact, and time allowed for a *second trial*, and if it again failed, from fault in the mill, then it would be taken back, and a perfect mill given in its place ; and the seller was not notified, as agreed upon. *Held*, that it was the buyer's duty to *notify* the seller, under the terms of the contract, and that it was *error* to overrule objection to evidence introduced by the buyer, for the reason that he had not complied with the stipulated provision, and objection should have been sustained.

APPEAL from Vernon Circuit Court, HON. CHARLES G. BURTON, Judge.

*Reversed and remanded.*

The case is sufficiently stated in the opinion.

VOL. xxvii—1 (1)

GAGE, LADD & SMALL, for the appellants.

I. Plaintiffs' *third* instruction *ought to have been given.* The testimony shows that, as soon as the defendants received the machine, they knew it was not what they wanted, nor what their customer wanted; but, instead of returning it at once, unused, they tried to work up a sale, and insisted on the customer taking it out to his farm and using it, although he protested that he did not want it. If, *knowing it was not what they had ordered,* they still kept it, hoping yet to make a sale of it to Davidson, *they did so at their own risk,* and ought to be made to pay for it.

II. The *fourth* instruction, given by the court of its own motion, is *erroneous.* Although, in the *absence* of an express warranty, there is an *implied warranty,* on the part of the seller of a machine, that it is suitable for the purpose for which it is intended; yet, where there is an *express* warranty, as in this case, the doctrine of implied warranty *does not prevail,* and cannot be resorted to by a purchaser, but he is *confined to his remedy* for a breach of *express* warranty. The presumption of *implied* warranty is excluded. *McGraw v. Fletcher,* 35 Mich. 104; *Johnson v. Latimer,* 71 Ga. 474; *Shepherd v. Gilroy,* 46 Iowa, 193; *Deming v. Foster,* 42 N. H. 165; *Jackson v. Langston,* 61 Ga. 392.

III. The defendants wholly *failed* to comply with the *conditions* of the express warranty. *Without such compliance,* they could not enforce it, and the verdict ought to have been for the plaintiffs. There was no pretence of such compliance on their part. Such compliance was not required by the court below. *Nichols v. Larkin,* 79 Mo. 264; *Lewis v. Hubbard,* 1 Lea (Tenn.) 456.

KIMBALL & JANUARY, for the respondents.

I. The feed-mill and corn-sheller are *separate machines,* but were bought by defendants for one price.

Hence the contract of purchase was *entire*, and if *either* was defective, defendants had the right to return both the feed-mill and sheller.

II.    The right to *rescind a purchase* of a manufactured article, for *failure of warranty*, implies the right to test the article, in order to *ascertain the fact. Philadelphia Whiting Co. v. White Lead Works*, 24 N. W. Rep. 881 ; *Boothby v. Scales*, 27 Wis. 633.

III.    The *circular* containing the express warranty, read in evidence, admitting it to be a part of the contract, applies to the feed-mill *only*.    There is *no reference to the sheller*.    Hence the court properly admitted evidence tending to show that the sheller was defective, and the *fourth instruction, given* by the court of its own motion, based on that evidence, *was right*, and the argument of appellants, that express warranty excludes implied, *has no application.*

IV.    The court properly refused to give *instruction number three*, asked by plaintiffs.    If defendants had the right to test the feed-mill and corn-sheller, both being manufactured articles, certainly *they had the right* to put them in the hands of a competent man, a farmer, to make the test.    And although they did not get exactly the machines they expected, yet they might keep those that actually came, *if suitable;* and, to ascertain the fact, they must be tried.    The testimony of Mr. Davidson, and the only testimony on the point, was, that the sheller was *practically worthless*, and he returned it to defendants for that reason.    We think the only issue in the case was properly submitted to the jury.

Ellison, J.—This suit is for the price of a Buckeye feed-mill and corn-sheller.    It was begun before a justice of the peace, and appealed to the circuit court.    Plaintiffs lost the cause in both courts.

The property was sold with an express written warranty, that it would do as good work as any iron sweep

mill in the market, the warranty containing, also, the following provision :

"Should the mill fail to fulfill the above warranty, after a trial of one day, we, or our agents, shall be notified of the fact, and time will be allowed for a second trial ; then, if we fail to fill said warranty, and the fault is in the mill, it will be taken back, and a perfect mill given in its place."

Plaintiffs objected to the evidence introduced by the defendants, for the reason that they had not complied with the above provision. The objection was overruled, and is assigned for error.

If the machine did not operate properly, as warranted, it was defendants' duty to notify plaintiffs, or their agent, under the terms of the contract above quoted. *Craycroft v. Walker & Co.*, 26 Mo. App. 469 ; *Nichols, Shepherd & Co. v. Larkin*, 79 Mo. 264. The objection should have been sustained. It is contended by defendants that the mill and sheller were separate machines, and that the warranty only applied to the mill. The evidence does not disclose that they were separate machines. It was one article. The whole evidence indicates this. One of the defendants testified that he "did not know that the feed-mill and sheller could be separated. I consider it all one. Do not know yet whether it can be separated or not."

The judgment is reversed and the cause remanded. All concur.