KINGMAN & COMPANY, Appellants, v. A. SCHULENBERGER, Respondent.

Kansas City Court of Appeals, January 20, 1896.

1. **Sales:** CONDITION OF WARRANTY: PERFORMANCE. Where one seeks to enforce a warranty imposing mutual, dependent obligations and covenants, he must show compliance on his part before he can insist on performance by his adversary; and where one was to give notice of defects in a machine purchased, within five days, and he retained the same for a longer period without notice, he can not set up a breach of warranty as a defense in an action for the purchase price.

2. ——: ——: ——: PRESENCE OF AGENT. And in such case the fact that the engineer of the vendor accompanied and assisted in setting up the machine and remained for several days can not operate to waive or set aside the terms of the contract and dispense with the notice required.

3. Evidence: WRITTEN CONTRACT: PAROL. A contract set out in the opinion is *held* to be complete in all of its parts and no parol evidence which tended to vary or contradict its terms is admissible.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

REVERSED AND REMANDED (*with directions*).

*Smith & Thurman* for appellants.

(1) In the sale of the machinery in this case for which the notes in suit were given there was an express conditional warranty as to the capacity, goodness of the material, etc., and the defendant is confined to the condition attached in the written contract. *Machine Co. v. Bobbst*, 56 Mo. App. 427; *Boyer v. Neel*, 50 Mo. App. 26; *Kingsland & Douglass Co. v. Board Bros.*, 60 Mo. App. 662. (2) An attempt by the seller to remedy defects in machinery after the expiration of a stipulated time for notice of such defects to be given and when the liability of the defendant becomes fixed and established under the contract, can not operate as a waiver of the terms and conditions of such contract, when the contract expressly provides that such terms and conditions can not be waived. It can not operate as a waiver in this case. *Boyer v. Neel*, 50 Mo. App. 26; *Aultman & Co. v. McKinney*, 26 S. W. Rep. 267; *Swan v. Lowe*, 18 S. W. Rep. 789; *Cork v. Flint*, 28 N. E. Rep. 200. (3) It is incumbent upon the defendant to show that every condition precedent in the express conditional warranty was complied with by him in order to avoid his liability under the contract. *Wiese v. Birdsell Co.*, 35 Mo. App. 229; *Nichols, Shepherd & Co. v. Larkin*, 79

Mo. 274; *Boyer v. Neel, supra.* (4) Any oral agreement had between defendant and plaintiff's agent should have been excluded, there being a written contract and also a written contract at the time the second machine was delivered. *Aultman & Co. v. McKinney*, 28 S. W. Rep. 267; *Nichols, Shepherd & Co. v. Larkin, supra; Lampson Store Service Co. v. Hartung*, 18 N. Y. 145; *Hungeford & Co. v. Rosentein*, 19 N. Y. S. 471. (5) A stipulation in the warranty of a machine that if the purchase shall remain in continued use or possession for more than five days from date of delivery, shall be conclusive evidence that the warranty is fulfilled to the satisfaction of the purchaser, is valid and binding; and after the purchaser has retained such possession for a longer time than agreed on, he can not set up a breach of warranty as a defense to a suit for the purchase price. *Aultman & Co. v. Wykle*, 36 Ill. App. 293; *Kingsland & Douglass Co. v. Board Bros., supra.*

*Francisco Bros.* for respondent.

(1) Parties may, by a subsequent parol agreement upon sufficient consideration, change or modify the terms of their written contract. *Henning v. Insurance Co.*, 47 Mo. 425; *Boyd v. Camp*, 31 Mo. 163. (2) The notice is not necessary where the seller's agent is present at the trial of the machine and sees its failure to work as warranted or when he otherwise impliedly waives notice as by attempting to waive defect during time of notice. 28 Am. and Eng. Encyclopedia of Law, p. 832, note 2. And although such notice is required to be in writing. *Mfg. Co. v. Feary*, 40 Neb. 226; 58 N. W. Rep. 713. Overruling 51 N. W. Rep. 1026; 34 Neb. 411; *Dean v. Nichols, Shepard & Co.*, 63 N. W. Rep. (Iowa) 582; *Engine and Threshing Co. v. Kennedy*, 34 N. E. Rep. 856; 7 Ind. App. 502; *Loan*

*and Trust Co. v. Welch*, 49 N. W. Rep. 740; 47 Minn. 183. (3) First machine was returned to plaintiff and by it accepted and though not returned immediately after failure to perform, yet this acceptance afterwards was sufficient. Authority cited above. *Berry v. Machine Co.*, 62 Mo. App. 41.

GILL, J.—This is a suit on three promissory notes, each for $444, executed by defendant to plaintiff, in July, 1892, and due, respectively, January 1, 1893, January 1, 1894, and January 1, 1895. The notes were given for the purchase price of a steam threshing outfit, including engine, boiler, tanks, separator, etc. The defense was that the machine did not comply with the warranty as to quality, capacity to do good work, etc. A trial by jury resulted in a verdict and judgment for defendant and plaintiff appealed.

I. After a careful investigation of this record and the law applicable thereto, we have concluded that there was no valid defense to the action, and that the trial court ought to have given a peremptory instruction for the plaintiff, as requested.

The facts are substantially as follows: Prior to the fall of 1894, defendant resided on a farm near Shickley, Nebraska. About two years before leaving there (in July, 1892) he purchased of the plaintiff (through Huston Brothers, its agents at Shickley), the machine in question, agreeing to pay therefor $1,332, and executed the three notes in suit. The terms of the contract were incorporated in one of the printed and written agreements which the plaintiff company ordinarily used for that purpose. Parts of clause number 4 read:

"4th. The above articles are warranted to be of good material, well made, and, with proper management, capable of doing as good work as similar articles

of other manufacturers.   If said machinery, or any·
part thereof, shall fail to fill the warranty, within five
days of first use, written notice shall be given to King-
man & Company, and to the party through whom the
machinery was purchased, stating wherein it fails to
fill the warranty, and time, opportunity, and friendly
assistance given to reach the machine and remedy any
defects.''

\*    \*    \*    \*    \*    \*    \*    \*    \*

''If the defective machinery can not then be made
to fill the warranty, it may be returned to the under-
signed, to the place where received, and another fur-
nished on the same terms of warranty, or money and
notes to the amount represented by the defective ma-
chinery shall be returned, and no further claim made
upon Kingman & Company.   Continued possession or
use of the machine after the expiration of the time
named above shall be conclusive evidence that the war-
ranty is fulfilled to the satisfaction of the undersigned,
who agree thereafter to make no further claim under
the warranty.''

\*    \*    \*    \*    \*    \*    \*    \*    \*

''Defects or failure in one part shall not condemn
or be grounds for claiming penalty, or for the return of
any other part.   \*   \*   \* This warranty is to be invalid
and void   \*   \*   \* if this warranty is changed, whether
by erasure, addition, or waiver.''

In the sixth clause it was further stipulated, that:
''The notes named herein are to be placed with copy of
the order in the State Bank at Shickley for five days,
but not to be turned over to Kingman & Company
until machinery ordered complies with the warranty.
No erasure, alteration, or waiver of warranty is allowed
or authorized.''

There was evidence in defendant's behalf tending to prove that the thresher did not work entirely satisfactorily, in the season of 1892, yet that he did then use it in threshing for various parties is unquestioned. Whatever may have been the condition of the machine, or whether it worked well or not, in the threshing season of 1892, certain it is that defendant failed to give written notice thereof either to the plaintiff or its agent, Huston, from whom the machine was obtained. Matters remained in this shape until the early part of the following year (1893), and then, when plaintiff's collection agent came and demanded payment of the first note, then past due, the defendant refused to pay, on the alleged ground that the machine did not do good work—especial complaint being made as to the separator. After some negotiation between defendant and this agent, the following written agreement was entered into:

"I agree to pay Kingman & Company, on my note due January 1, 1893, one hundred dollars; and two hundred September 1, 1893, balance of note to be extended to January 1, 1894. They agree to furnish me a new Star Separator, I to pay the freight on the same to Shickley, Nebraska, and Kingman & Company to give me credit on the payment due September 1, 1893, as above, and I agree to load the old Star Separator on car and bill the same to Omaha. Warrant on new Star to follow same.

"Dated June 15, 1893, Shickley, Nebraska.

"A. SHULENBERGER.

"KINGMAN & Co., per NEIFING."

Shortly thereafter plaintiff sent the new separator to Shickley, and it was taken and used by the defendant through the threshing season of 1893. The defendant testified that even then the machine did not work well, but he admits that he did not so advise the plain-

tiff.   He said, however, that he did so inform the local agents at Shickley; but this they denied. At all events, the defendant gave no *written notice* within the five days, either to plaintiff, or its agents at Shickley, as provided in the contract; nor at any other time.

In 1894 there seems to have been no grain in that country to thresh and the machine was not, therefore, used.   In the fall of that year, defendant sold his farm and came to Missouri, leaving part of the machine, according to his own statement, lodged in the snow, and part in the barn at the Nebraska farm.   Defendant admits that he never offered to return the machine to the plaintiff.

By the plain and unambiguous terms of the written contract, from which we have quoted, defendant is shut out from making the defense here attempted.   He occupies the indefensible attitude of calling upon the plaintiff to make good its warranty, in face of his own admission that he has not, on his part, performed the conditions which the contract expressly made precedent to his right.   "No principle of law is better settled in respect to such conditions in these machine contracts, than that they are conditions precedent, to be observed and performed by the purchaser, and he must show a fair and reasonable compliance with the terms of the contract on his part, or he will not be permitted to enforce it against the other contractor." *Nichols v. Larkin*, 79 Mo. 264.   "Where one seeks to enforce a warranty imposing mutual and dependent obligations and covenants, he who seeks to enforce it must show compliance on his part before he can insist on performance by his adversary." *Altman v. Wykie*, 36 Ill. App. Ct. Rep. 293.

By the terms of the written contract between these parties, defendant purchased a certain machine, with a conditional warranty on plaintiff's part that it was

made of good material and would do good work. De-fendant was to take the machine and test it by five days' use. If found defective, or not up to the warranty, defendant was, within said time, to give plaintiff and the agents through whom it was bought, written notice, "stating wherein it. fails to fill the warranty, and time, opportunity, and friendly assistance" given to remedy said defects. And it was further provided, that if the purchasers should continue in the possession and use of the machine, after the expiration of said five days, this was to be deemed a conclusive admission that the warranty of the company was fulfilled to the satisfaction of the defendant purchaser. This test and written notice to plaintiff and its agents within the first five days' use of the machine, was made a *condition precedent*, to be performed by the defendant before any liability whatever should attach to plaintiff on account of said warranty. *Kingsland v. Board*, 60 Mo. App. 663–670.

Defendant accepted the machine and used it, not only for five days, but for weeks during the season of 1892, and failed altogether to give written notice of any defects. He can not, therefore, call upon plaintiff to answer for a warranty which was coupled with a prior performance of this condition on defendant's part. He kept and used the machine beyond the stipulated time; and this, by the terms of the contract, served as an agreement on defendant's part, that the thresher was all the warranty required. *Kingsland v. Board, supra.* The mere fact that an engineer employed by plaintiff went with the machine to defendant's farm and assisted in putting it into operation and remained there several days, can not operate to waive or set aside the terms of the foregoing contract of sale. Said employee did nothing, or said nothing, inconsistent with plaintiff's rights to have the contract

enforced as written. And more than this, said employee, by the terms of the contract, was denied all power or authority to modify, waive, or change any feature thereof.

I.   We come now to the second period in the history of this controversy. We have in mind the transaction in June, 1893, nearly a year after the defendant got the machine, and when plaintiff, through its general agent and defendant, made the supplemental contract before quoted and under which defendant secured additional time on his first note, and plaintiff furnished a new separator in lieu of the one complained of.

As already determined, the defendant, at that date (June, 1893), had no legal claim against the plaintiff on account of the warranty of the year previous, since he had utterly failed to comply with the terms and conditions under which he was entitled to the performance of such covenants of warranty on the part of the plaintiff. But admitting the pendency of a controversy and the extension of time given on the purchase price of the machine, as furnishing a sufficient consideration for said supplemental agreement between the parties, and the case stands thus: We construe the contract of June, 1893, as providing, *first*, for an extension of time on defendant's note, due the preceding January, and, *second*, an undertaking on plaintiff's part to substitute a new separator for the old one which defendant was to ship back to the plaintiff, and that the same warranty should attend the new separator as had attached to the original one, when the machine was bought the year before. This last written contract was also perfect and complete in all its parts, and no parol evidence of what occurred at the time, and which tended to vary or contradict its terms, was admissible. A written contract can not be varied in its terms by a

contemporaneous parol agreement or understanding inconsistent with such written contract. 1 Greenl. Evid., sec. 275. It follows, therefore, that all parol testimony given by the defendant at the trial, which had a tendency to couple on to this written contract other and different undertakings by plaintiff than those incorporated in the writing, was incompetent and ought to have been excluded. "When parties have deliberately put their engagements into writing * * * without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous *colloquium* between the parties, or of a conversation or declarations at the time when it was completed, or afterwards, is rejected, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon." Greenl. Evid., sec. 275.

The agreement between defendant and plaintiff's general agent recognized the settlement of the entire controversy between the parties, except the complaint as to the separator (which the evidence shows composed about one fourth in value of the entire outfit). The expiration of time under the original contract, with an absence of written complaint as to the inefficiency or inferior quality of the machine or any part thereof, had already relieved plaintiff of every obligation to do anything under the warranty, and had committed defendant to an absolute acceptance of the entire machine as filling the terms of such original warranty. The effect, however, of the agreement made in June, 1893, was that plaintiff should furnish a new separator and that it should be subject to the same warranty as the old one. But it did not revive any obligation or warranty as to any other portion of the plant. The contract entered

into when the new separator was supplied, referred to the warranty formerly attached to the original separator and made it a part of the new engagement. But defendant was as remiss in making claim for any deficiency in this part of the machine last furnished, as he was in the first instance. He accepted the separator and used it during the season of 1893, and kept it over during the year 1894, never once serving plaintiff, or its agents, with any written complaint in relation thereto. Neither did he ever offer to return the machine, or any part thereof. For the same reasons, then, as heretofore assigned, the defendant lost all right to hold plaintiff on a warranty in relation to the separator.

Plaintiff's right to recover in this suit may be safely rested on the agreement of June, 1893, regardless of all prior claims for deficiencies or imperfections, growing out of the original warranty. The contract of that date witnesses a final and complete adjustment and settlement of all such matters, save only the matter of a separator, which it was agreed might be remedied by the substitution of a new one. At that date defendant had the benefit of a year's experience with the machine, and his conduct then and there exhibited an intention to accept the same, with the exception only of the separator, as a compliance with the terms of the warranty. If this was not so, why make another agreement wherein no complaint or provision for repair was made (save as to this one portion of the machine) and wherein defendant renewed his promise to pay the purchase money, and that, too, without reservation or condition? A case in point will be found cited, 26 S. W. Rep. 267, *Aultman v. McKinney* (Texas Court of Appeals).

The judgment in the court below was clearly for the wrong party and it will be reversed and remanded,

with directions to enter a judgment for the plaintiff for the amount due on the notes, together with interest and costs. All concur.