# McCORMICK HARVESTING MACHINE COMPANY, Appellant, v. L. F. MACKEY, Respondent.

### St. Louis Court of Appeals, April 14, 1903.

1. **Sale: HARVESTING MACHINERY: CONTRACT, PAROL TESTIMONY TO VARY: NOT ADMISSIBLE.** Where a contract for the sale of harvesting machinery contained a warranty of the machine, and authorized its rescission and return of the machine on certain conditions, and declared that the provisions of the contract could not be waived, and that the order could not be cancelled without the consent of the company, parol evidence, in an action thereon, of a contemporaneous parol agreement between the purchaser and the seller's agent, as to a return of the machine, varying the terms of the written contract, was inadmissible.

2. ———: ———: ———: **CONDITIONS PRECEDENT: PERFORMANCE MUST BE MADE.** A contract for the sale of a harvesting machine warranted it to do good work, and also provided that if, on one day's trial, the machine failed to work well, the buyer should immediately notify the seller or its authorized agent, and allow a reasonable time for a man to be sent to put the machine in order, and that, if the machine could not be made to work well, the buyer should immediately return it, whereupon the contract would be cancelled. The agent who sold the machine participated in setting it up, and was present at the first test, and was fully informed that it was defective. The agent induced the buyer to give the machine a further trial, which he did, but on the following morning the buyer notified the agent of his objections to the machine, which were transmitted to the seller's general agent, who instructed that suit should be brought for the price, without endeavoring to remedy the defects in the machine. *Held,* that the provision of the contract requiring that a man should be sent to remedy the defects and put the machine in good order, was a condition precedent to the seller's right to payment for the machine.

3. ———: ———: ———: ———: **NO RECOVERY WITHOUT PERFORMANCE.** Conditions precedent contained in a contract must be performed before any recovery on the contract can be had, unless they are specially waived.

Appeal from Louisiana Court of Common Pleas.—*Hon. David H. Eby*, Judge.

AFFIRMED.

*F. J. Duvall* and *Pearson & Pearson* for appellant.

(1) There was an absolute and unconditional sale and delivery, of this machine to the defendant, with a conditional warranty. (2) By the contract of warranty, it was made a condition precedent to any liability of the plaintiff on account of the warranty, that the defendant should give a written notice to the plaintiff in Chicago, Illinois, or to its authorized agent, through whom the machine was purchased, stating wherein the machine fails to work well. (3) There was no such written notice given; in fact no claim or pretext that such written notice was given; the court should, therefore, have given the peremptory instruction asked by the plaintiff, to-wit: "That under the pleadings and evidence, the verdict must be for the plaintiff." Wiese v. The Birdsall Co., 35 Mo. App. 229; Nichols, Shepard & Cole v. Larkin, 79 Mo. 264; Kingman & Co. v. Schulenberger, 64 Mo. App. 548; Boyer v. Neal, 50 Mo. App. 26; Deer, Manser & Cole v. Hutch Fierling, 27 Mo. App. 1; Bank v. Westlake, 21 Mo. App. 565.

*Matson & May* for respondent.

(1) "If an agent is such a one as his acting as custodian of the paper is not antagonistic to his principal's intent, and the paper is put in his hands, not as a delivery, but as a custodian, he can act as the depository of an escrow, as well as a stranger, and if he delivers the same in violation of his instructions the delivery would be void." Price v. Ins. Co., 54 Mo. App. 119. (2) "No rule of law is more firmly settled than that the necessity for the performance of a condition

precedent may be waived by the party in whose favor it is stipulated either expressly or by implication from his acts.'' Osborne & Co. v. Henry, 70 Mo. App. 19; Osborne & Co. v. Mullikin, 88 Mo. App. 350. (3) Under the verbal agreement by which Mackey claims the machine was purchased, he had a right to return the machine for it did not "work to his satisfaction," or as warranted. "Where there is breach of warranty, the vender may return the property and rescind the contract.'' Branson v. Turner, .77 Mo. 489; Creary v. Gray, 88 Mo. App. 454.

REYBURN, J.—This action was brought before a justice of the peace upon a contract alleged to have been entered into for the purchase of a corn binder. After preliminary conversation between T. A. Cooper, plaintiff's agent, and defendant, the latter signed and delivered to Cooper a contract dated September 6, 1902, for the purchase of such machine, containing the following conditional warranties:

''McCormick Harvesting Machine Co., warrants this machine to do good work, to be well made, of good materials, and to be durable if used with proper care. If upon one day's trial the machine fails to work well, the purchaser shall immediately give written notice to said company in Chicago, Illinois, or to its authorized agent through whom the machine was purchased, stating wherein it fails; allow reasonable time for a man to be sent to put it in good order, and render necessary and friendly assistance to operate it. If the machine can not then be made to work well, the purchaser shall immediately return it to said agent, and the money or notes given for it shall be refunded, which, when done shall constitute a settlement in full of the transaction. Failure on the part of the purchaser to comply with any of the conditions herein named shall be considered an acceptance of the machine. The provisions of this warranty can not be changed or waived in any respect;

neither can this order be cancelled without the consent of the McCormick Harvesting Machine Company.''

The machine arrived at Louisiana, Missouri, where defendant received it, and on the same morning it arrived, took it to his farm where it was installed by defendant, aided by Cooper. Cooper remained for the rest of the day, till the machine was started and tried, and defendant called his attention to various defects found in its operation and construction which Cooper sought to remedy and induced defendant to give the machine a further trial; defendant after such trial, the following morning, by telephone gave notice to plaintiff's local selling agent at Calumet, Missouri, of the defects in the machine, and that it was subject to plaintiff's order, and also wrote to Cooper under date of September 11, 1902, that for a number of reasons he had decided not to take the binder, and to make any disposal of it he thought best. After receipt of this letter, Cooper called on defendant whom he found at work in his field and inquired what objections he made to the working of the machine and took down the objections specified by defendant and gave notice of them to defendant by letter to its representatives and general agent at Quincy, who in reply, directed suit to be brought at once.

At the trial, over plaintiff's objections, the court permitted defendant to introduce parol testimony of conversations with Cooper, prior to and at the time the contract was signed, and of conversations with Cooper after the delivery of the machine to defendant, and of his declination to retain it. This testimony tended to establish that Cooper had agreed to withhold the contract after its signature, undelivered to plaintiff, until defendant had tested the machine, and that if it failed to perform the work represented to the entire satisfaction of defendant, the latter need not take it, and that after the unsatisfactory trial it had remained on defendant's premises, redelivered and received back by Cooper for plaintiff. The court overruled all objec-

tions to this character of oral testimony, but at the close of Cooper's examination, during which much of such testimony had been elicited, made a ruling to the effect that "the examination had proceeded sufficiently far to show the incompetency of any oral contract as distinguished from the written contract and you [i. e., the jury] will be governed accordingly." Later, however, the court receded from this position, and ruled that such evidence would be admitted, to be governed by instructions at the close of the case, and thereafter the trial so progressed. When the evidence was all in, the court gave the following instruction:

"The court instructs the jury that the following evidence is withdrawn from the jury:

"1.   All the evidence in the case as to an oral contract, if any, made or entered into prior to the contract sued on between defendant and plaintiff, or between defendant and T. A. Cooper, as agent of plaintiff, in reference to the sale of the machinery in controversy.

"2.   All evidence as to any notice or notices, not in writing, of defects in the machinery in controversy; or manner in which it worked, by the defendant to plaintiff's agent, T. A. Cooper.

"3.   All evidence as to conversations between defendant and Cooper as to twine.

"4.   All evidence as to any offer, or wish by Judge McIlroy after the sale of the machine to defendant to sell said machine to other parties.

"None of said evidence should be considered by the jury for any purpose whatever."

The court gave the further instruction on behalf of plaintiff and defendant as follows:

"The court instructs the jury that witness Alex Cooper had no authority to vary or change the express terms of the written contract.

"The court instructs the jury that if you find for the plaintiff you should assess his damages at the sum of one hundred and fifteen dollars with interest at the

rate of six per cent per annum from the 27th of September, A. D. 1902.

"The court instructs the jury that if you believe from the evidence in the cause that the machine in controversy did not do good work as warranted, and that the defendant returned the machine to plaintiff or its authorized agent, if any, for that purpose, and the same was accepted by plaintiff or its authorized agent, if any, then the contract was at an end and your verdict must be for the defendant."

The court refused imperative instructions asked by plaintiff directing a verdict in his favor. The contract signed by defendant and delivered to plaintiff's agent was complete, and the admission of the testimony of what occurred at and prior to its execution violated the fundamental rule that a written contract can not be varied by a contemporaneous parol agreement. Kingman v. Schulenberger, 64 Mo. App. 548; Greenleaf, Evidence (16 Ed.), sec. 275. All such testimony should have been rigorously excluded, although the prejudicial effect of such a mass of incompetent evidence was sought to be obliterated by the instructions, at the close of the case, to the jury to disregard it, as well as by the instruction respecting the absence of authority in Cooper to vary the contract. The terms of the contract upon which the sale and delivery of the machine were made, contained warranties of the manufacture and capacity of the machine expressly conditioned that if, after one day's trial the machine failed to work well, the purchaser should immediately give written notice to the plaintiff in Chicago, or to its agent through whom the machine was bought, stating wherein it failed, and allow a reasonable opportunity to put it in order as recited. Only after these terms of the contract had been complied with by either party did the right of the vendee to return the machine, or of the vendor to recover the consideration of its purchase from the vendee attach, and the substantial fulfillment of and compliance with

such provisions constitute conditions precedent on either side to any enforcement of the respective contractual liabilities. The rules of law established by the long line of decisions cited by appellant, relied on usually to uphold the liability of the vendees of farm machinery, where the terms of the contracts of sale were ignored by them, embrace in principle alike, and apply as rigidly to the vendors and manufacturers, and compliance by them with the contract provisions are conditions precedent to enforcing their rights against the vendees. Deere, Mansur & Co. v. Hucht et al., 27 Mo. App. 1; Boyer v. Neel, 50 Mo. App. 26; Craycroft v. Walker, 26 Mo. App. 469; Kingman v. Schulenberger, 64 Mo. App. 548; Weise v. Birdsall Co., 35 Mo. App. 229.

Cooper, the authorized agent of plaintiff through whom the machine was purchased, participated in putting the machine together, and being present at the trial test was fully acquainted with the defective work performed by it, and if such actual knowledge on his part was not sufficient to dispense with any additional notice under the contract, the purpose of such notice and a substantial compliance with the contract by defendant was attained, when Cooper received from the latter the objections made by him to the operation of the machine and transmitted them to plaintiff's general agent at Quincy who, in lieu of conformity to the contractual requirements by sending a man of plaintiff's choice to remedy the defects and put the machine in good order, instructed that this action be brought. This action of plaintiff's representative was in flagrant violation of the express provisions of the contract governing the sale and would have justified the court, at the close of plaintiff's testimony, to have given a peremptory instruction in favor of defendant. Our conclusion therefore is, that while the court, in the course of the trial, may have infringed on the rule by which parol contemporaneous evidence is inadmissible to contradict

or vary the terms of a valid written instrument, yet under the state of facts established by the testimony offered on behalf of plaintiff, the verdict was for the right party and the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.