Columbia Weighing Machine Company, Appellant, v. Frank I. Young, Respondent.*

Kansas City Court of Appeals.   January 23, 1928.

---

*Corpus Juris-Cyc. References: Sales, 35Cyc, p. 290, n. 22; p. 543, n. 85.

*McClintock, Quant & Ferguson* for appellant.

*Bert S. Kimbrell* for respondent.

ARNOLD, J.—This suit is based upon a contract involving the alleged sale and purchase of a penny-in-the-slot weighing machine. Plaintiff is a corporation engaged in the manufacture and sale of weighing machines with its principal office at 9 West 61st street in New York City. Defendant is a druggist engaged in business at 3548 Indiana avenue, Kansas City, Mo.

The suit was instituted in a justice court of Jackson county, Mo., by filing therein a statement of account charging that on November 18, 1924, defendant executed, signed and delivered to plaintiff a written order for one Columbia Mirror Weighing machine to be delivered to him by freight prepaid, for the price and sum of $150, to be paid in monthly installments of $15 each, together with attorney fees of twenty per cent. of any sum in default. The statement of account charged that plaintiff accepted said order and shipped the said machine as provided therein; that defendant received the same and failed to return it to plaintiff within thirty days of its receipt, and refused to pay therefor as provided in the contract order. Plaintiff alleges full compliance on its part with all the terms of the contract and states defendant has failed and refused to pay all or any part of said contract price. Judgment is asked in the sum of $150 and $30 attorney's fee.

The written contract pleaded is shown in the record and is as follows:

"Order No.         Date, Nov. 18th, 1924
"Price $150.00     Columbia Weighing Machine Co.,
"Freight paid    Inc., Payable 9 West Sixty-first St.,
          New York, U. S. A.
              $15.00 monthly.

"You may ship us one Columbia Mirror Weighing Machine, freight paid. It is sold to us with the understanding that we may return it to you at any time within thirty days from date of arrival of the machine, instead of paying the purchase price. Return shipment to be made to above address, by freight only; freight charges collect. Should we not ship it back to you within thirty days from date of its arrival, we will pay you the purchase price thereof, namely, one hundred and fifty dollars as follows: fifteen dollars per month, until paid; first payment to be made within forty days from date of arrival of the machine.

"Should we be two monthly payments in arrears at any time, the entire unpaid balance of the purchase price shall then become due, together with attorney fees amounting to twenty per cent of the sum in default, if collection is made by law. It is understood you are to supply us with any mechanical parts required for the machine for a period of five years, without charge. Whenever we may want a part, we are to inform you by registered mail.

     "Signed   EAST LINWOOD PHARMACY,
            FRANK W. YOUNG,
   "Address    3548 Indiana,
   "Town and State,    Kansas City, Mo.

"Six per cent may be deducted if the entire purchase price is paid within forty days from date of arrival. No verbal agreement will be recognized. All orders are subject to acceptance of the company."

The answer charged that the machine in question was sold by plaintiff to defendant for a particular purpose and use; that said weighing machine was wholly worthless for the purpose and use for which it was sold; that the agent and representative of plaintiff knew the purpose for which defendant purchased said machine, to-wit, that of accurately weighing patrons of defendant's drug store and others; that said machine was wholly worthless in that it would not accurately and correctly weigh persons using it, although many attempted to weigh themselves thereon; and, by reason of the fact that said weighing machine did not and would not accurately and correctly weigh persons using the same it was wholly worthless to defendant.

The justice of the peace entered judgment for plaintiff in the sum of $180 and defendant appealed to the circuit court of Jackson county, Mo., where the cause was tried de novo. At the conclusion of the evidence the trial court peremptorily instructed the jury to return

a verdict for plaintiff in the sum of $180. Defendant filed a timely motion for a new trial on the ground that the court erred in giving the peremptory instruction. The motion was sustained and a new trial ordered and from this ruling plaintiff has brought the case here by appeal. The only question for our consideration is whether the trial court erred in sustaining defendant's motion for a new trial and that is the only assignment of error.

In support of the appeal, under Points and Authorities, plaintiff urges (1) that the contract in question is called a "sale or return" contract, and that upon delivery the title passes to the buyer, subject to be defeated by condition subsequent, by the return of the article sold; (2) that the return of the property within the time specified, or payment of the stipulated purchase price is a condition precedent which the buyer must perform before he may claim a breach of warranty express or implied; (3) that this being such a sale or return contract, giving the buyer the option to return the machine within thirty days after its arrival and rescind the contract or pay the purchase price, the retention of the property for more than thirty days without objection or effort to return it, binds him unconditionally to pay the purchase price; (4) the terms of the contract and evidence of delivery of the machine, its retention without complaint or effort to return it for more than thirty days entitled plaintiff to a directed verdict; (5) that, under the evidence it would have been the duty of the court to set aside any verdict for defendant and therefore no error can be predicated upon the court's peremptory verdict for plaintiff.

As the points so urged and enumerated go directly to the only assignment of error herein, they will be considered together. There seems to be no dispute as to the material facts in the case. Plaintiff's testimony consists of the contract which is set out in the pleadings and that the machine was shipped from New York City on November 25, 1924, and arrived in Kansas City December 3, 1924, and the railroad company duly notified defendant of its arrival; that defendant kept the machine without complaint or effort to return it until January 15, 1925.

The evidence in behalf of defendant was to the effect that defendant owned and operated a drug store at 3548 Indiana avenue; that many of his patrons wanted to weigh themselves; that some of these persons were under treatment by physicians and were taking medicine to reduce or increase their weight, and some were growing children who wanted to be weighed every week; that there were complaints because defendant had no weighing machine; that the purpose and use of the machine were known to plaintiff's agent; that in the negotiations for the purchase thereof plaintiff's agent was asked if the machine was guaranteed to be all right, and he answered, "Yes, guarantee it to be in perfect order. Here is a little form of acceptance

you have to sign, then they will send it to you freight prepaid.'' (This form of acceptance seems to be the order-contract above set out.) It is in evidence that the agent assured defendant he would come back to the drug store when the machine arrived and see that it was all right; that defendant waited for the agent to return so that complaint could be made concerning the machine; that the agent did not return. It also appears that no copy of the order-contract was left with defendant and that on February 10, defendant wrote plaintiff for a copy thereof.

It also appears that the machine was delivered to defendant's store on December 9, 1924, and was placed near the entrance thereof; that from the first the machine did not weigh correctly; and, in many instances would not operate at all; complaints were made that when small children attempted to weigh, the machine would not ''brake'' and did not indicate any weight whatever, and that when adults attempted to weigh on it, they were not correctly weighed. Complaints were made to defendant of all these things and he was called upon to return the pennies placed in the slot, and sometimes patrons would leave without receiving their pennies back; that as a result of all this, defendant marked the machine ''out of order'' and put it to one side, awaiting the return of plaintiff's agent who made the sale. Defendant wrote plaintiff on January 10, 1925, that he would ship the machine back and asked for directions. Defendant introduced several witnesses in support of the answer to the effect that the machine did not weigh properly.

Plaintiff insists that the rights of the parties herein must be determined by the written contract; that there was no proof, and no attempt to prove that plaintiff in any way imposed upon defendant, or prevented him from availing himself of his rights and privileges under the terms of the contract which conferred upon defendant the right to return the machine within thirty days, regardless of whether it was returned for good and sufficient cause. In other words, plaintiff insists upon an application of the strict letter of the contract and that the thirty days' clause therein meant that if the machine was not satisfactory to defendant, he should return it within that limit, or pay for it.

It is defendant's position that the answer alleged facts showing a breach of implied warranty; that there was an implied warranty that the machine in question was fit for the specific purpose for which it was purchased; and testimony having been introduced in support thereof, defendant had the right under the law in this State to have said defense submitted to the jury for its determination. It is noted the order-contract is silent as to warranty. The proof is unrefuted that the machine was sold to defendant for a specific purpose and that on trial it proved to be worthless for that purpose.

Plaintiff's declared position embodies a proper application of the general rule in respect to its theory of the case, and many cases are cited in support thereof. Where a thing is sold for a specific purpose and proves to be worthless for that or any other purpose, a tender is unnecessary, or an offer to return it. In the case of J. B. Colt Co. v. Young, 294 S. W. 450, we declared the law to be as we have just stated. We cited therein the case of Smith v. Means, 170 Mo. App. 138, 155 S. W. 437, where it is said:

"The cases hold that where the thing which is the subject of the sale is worthless for any purpose, it need not be tendered and there need not be an offer to return."

Other citations in support of this rule are: Brown v. Weldon, 9 Mo. 564, 13 S. W. 342; Crenshaw v. Looker, 185 Mo. 375, 84 S. W. 885; Sinnamon v. Moore, 161 Mo. App. 168, 142 S. W. 494. In Ferguson Imp. Co. v. Parmer, 128 Mo. App. 300, 303, this court held:

"There was an implied warranty that the feeder would answer the purpose for which it was intended. If the article was wholly worthless the defendant could defeat a recovery on the notes under a plea of want of consideration although he did not offer to rescind or to return the feeder. But if he kept the feeder and did not offer to rescind the contract, and it did not prove worthless, he was only entitled to the difference between the purchase price and its value as shown actually to be, as a defense to so much of the notes."

And the Supreme Court said in Branson v. Turner, 77 Mo. 489, 493:

"If the cattle on trial and further investigation proved to be otherwise than as warranted, the vendee has two remedies. He could have returned the property to the vendor, provided he acted seasonably, and have rescinded the contract; or he could have retained the same, and when sued for the purchase money, pleaded a total or partial failure of consideration."

We have examined plaintiff's citations on this point and find the case of Yerxa, Andrews & Thurston v. Macaroni Co., 288 S. W. 20, 36, 37, to be the last utterance of the Supreme Court on this question and is controlling. There was a suit for a breach of contract for the sale of flour. The contract was written; and for recovery plaintiff relied on the terms of the written contract. One of the defenses urged there was a defect in the quality of the flour for the use for which it was sold. It was urged by plaintiff that the alleged defect was not reported by the buyer within ten days after receipt of the shipment. The situation therein is very similar to the one here being considered. The court held:

"It has been repeatedly ruled that similar contractual obligations are conditions precedent to be observed and performed by the buyer, and he must show a compliance therewith on his part, or a waiver thereof by the seller, before he can recover damages from the seller,

or hold the seller upon a warranty, express or implied, as to the qual-ity or fitness of the goods delivered by seller. [Nichols, Shepherd & Co. v. Larkin, 79 Mo. 264; Machine Company v. Wells, 182 Mo. App. 50, 167 S. W. 604; Gaar-Scott & Co. v. Nelson, 166 Mo. App. 51, 148 S. W. 417; Nichols-Shepard Company v. Rhoadman, 112 Mo. App. 299, 87 S. W. 62; Boyer v. Neel, 50 Mo. App. 26; Deere, Mansur & Co. v. Hucht & Fierling, 27 Mo. App. 1; Bank of Fitchburg v. Westlake, 21 Mo. App. 565.] Appellant relies upon Ungerer & Co. v. Cheese & Fish Company, 155 Mo. App. 95, 134 S. W. 56, in support of its position, but a careful reading of that opinion discloses that the contract of sale there considered contained no such requirements, or conditions precedent, to be complied with by the buyer. In our opinion, no error was committed by the trial court in excluding evidence of inferiority of the shipped flour, proffered under defendant's answer and counterclaim, or in directing the jury to find for plaintiff upon the counterclaim.''

It is therefore seen that the defense herein fails because, as held in the Yerxa case, there was a condition precedent that the contractual obligation to return the machine within thirty days after its receipt was present. This condition was not met in the instant case. [See, also, 35 Cyc. 290.] In this view of the case we hold there was error in the action of the trial court in sustaining the motion for a new trial.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff in the sum of $180. *Bland, J.,* concurs; *Trimble, P. J.,* absent.