ROUSE DRUG STORE *v.* COLUMBIA SCALE CO.

(Division A. Feb. 20, 1933.)

[146 So. 297. No. 30441.]

W. J. Lee, of Prentiss, for appellant.

Livingston & Milloy, of Prentiss, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued the appellant, Rouse, doing business under the name of Rouse Drug Store, and recovered a judgment against him for the contract price of a Columbia Weighing Scale. The appellant's defense to the suit is that the scale was defective, in that it would not correctly register weight. He discovered this defect immediately after receiving the scale, but retained, and still has, it. At the close of the evidence, the court directed the jury to return a verdict for the appellee, and there was a verdict and judgment accordingly.

The contract of purchase was procured by an agent of the appellee, was accepted by it, and the scale delivered thereunder. The contract reads, in part, as follows:

"Gro.        Columbia Scale Company, Inc.,
"Price        634-644 Willock Avenue, N. Y.
"$195.00    Payable $15.00 Monthly.   Freight Paid.

"You may ship me (us) one Columbia Weighing Scale, freight paid. It is sold to me (us) with the understanding that I (we) may return it to you with or without reason of any kind within thirty days from date of arrival of the Scales, freight collect, instead of paying the purchase price. Should I (we) not ship it back to you by freight only, within thirty days from date of arrival, I (we) will pay you the purchase price," etc.

In the absence of a provision in the contract of sale to the contrary, the buyer, when the article delivered is

defective or unsuited for the purpose for which it was sold and purchased, has the right to rescind the sale and return the article to the seller within a reasonable time, or, when sued for the price thereof, to set off against it the difference between the price of the article purchased and the value of the article actually delivered. But, in a contract for the sale or return of an article, the right of the buyer is measured by the stipulated condition for the return of the article. Here that right was limited to thirty days; consequently that stipulation of the contract must have been complied with in order for the appellant to escape the payment of the price of the article delivered. 55 C. J. 484; Columbia Weighing Machine Co. v. Young, 222 Mo. App. 144, 4 S. W. (2d) 828; Yerxa, Andrews & Thurston v. Macaroni Manufacturing Co., 315 Mo. 927, 288 S. W. 20; Ferguson v. Oliver, 8 Smedes & M. 332. But the appellant says that this limitation on his right to return the scale was waived by the appellee, for the reason that he advised it by letter of the defective condition of the scale, and asked for shipping directions, to which he received no reply.

The evidence in support thereof is contained in the following questions and answers appearing in the appellant's testimony:

"A. So I then sat down (referring to a time shortly after he received the scale) and wrote them and asked them the condition of the scales and what they should do and asked them what to do with them and how to dispose of them.

"Q. State to the court and jury whether or not you had written to them the scales were defective and you didn't want them? A. Yes, sir; I wrote them immediately and sat right down and I've got proof that I did do it, and wrote them and told them and explained just what I have told you about it; I asked them what we could do with the scales that I wasn't satisfied with them.

"Q. State to the court and the jury whether or not you knew exactly how to proceed to get the scales out of your possession? A. No, sir."

The appellant retained no copy of his letter; and the evidence does not disclose that he deposited it in the mails, properly addressed and stamped. The appellee denied receiving any letter from the appellant, except one of a different nature.

Putting on one side the failure of the evidence to disclose the mailing of the letter, properly stamped and addressed, and assuming that the jury would have found that the appellee received, and did not reply to, the letter, that fact would fall far short of constituting a waiver of the limitation of the time within which the appellant had the right to return the scale or of constituting a refusal by the appellee to take it back. The letter did not indicate that the appellant did not know the appellee's address, and therefore did not know to what place to ship the scale; and, leaving out of view the fact that the contract which the appellant signed, but of which he said he had no copy, clearly discloses the appellee's address, the letter itself must have disclosed that he knew the address. He needed no information on this score; and all that he had to do was to deliver the scale to a carrier, consigned to the appellee. We express no opinion, as the case does not call therefor, on what the rights of the appellant would have here been if the whereabouts of the appellee had been actually unknown to him.

Affirmed.